STRADMORE DEVELOPMENT CORPORATION ET AL. *v.*
COMMISSIONERS, BOARD OF PUBLIC WORKS OF
THE CITY OF NEW BRITAIN, ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued March 8—decided April 3, 1973

*William A. McQueeney,* assistant attorney general, for the appellant (intervening defendant *Robert K. Killian,* attorney general).

*Robert P. Burns,* for the appellees (plaintiffs).

BOGDANSKI, J. In this action for mandamus seeking a permit for the construction of a sanitary sewer through the A. W. Stanley Park located in New Britain, Connecticut, the attorney general intervened as a party defendant alleging that he is entrusted by law with protecting the interest of the public, that A. W. Stanley Park cannot be used for any purpose other than a public park and that the construction of a sewer would be an illegal use of park property. By way of counterclaim, he sought to enjoin the issuance of such a permit by the codefendant board of public works and to enjoin the plaintiffs from entering upon and installing any sewer pipes in the park. To the relief sought under the counterclaim, the defendant commissioners, hereinafter called the board of public works, filed a demurrer, which was sustained. From a judgment thereupon rendered, the attorney general appealed to this court.

The demurrer filed by the defendant board of public works alleged that "on the facts stated therein the said defendant is not entitled to such relief for the reason that, as a matter of law, a sanitary sewer may be built in the A. W. Stanley Park and would not be contrary to law, and would not involve the private use of public property, nor would it divert

the park property to any other use." It is to be noted that this demurrer was filed by the codefendant board of public works and not by the plaintiffs.

The attorney general's second assignment of error presents the sole issue in this case and that is whether the court erred in sustaining the demurrer.

The record reveals the following: This action for mandamus was brought by Francis H. Dobrowolski, individually and as president of the plaintiff corporation, seeking to compel the defendant board of public works to permit the plaintiffs to install a sanitary sewer line through the A. W. Stanley Park. The attorney general moved to intervene as a party defendant and the motion was granted. He then filed a general denial, a special defense and a counterclaim. The defendant board of public works then demurred to the relief sought in the counterclaim directed against it and this demurrer was sustained. At trial the attorney general attempted to defend the action based on his general denial, but was not permitted to do so and the court granted the plaintiffs' motion of misjoinder. The attorney general then moved for judgment on the demurrer. This was granted. The trial then continued and judgment issuing a writ of mandamus was rendered thereafter for the plaintiffs.

The issue raised by the court's action in sustaining the demurrer, and pressed on this appeal, is whether the court erred in ruling, as a matter of law, that the attorney general was not entitled to the relief sought in his counterclaim.

The demurrer admits all well-pleaded facts. *Weaver* v. *Ives*, 152 Conn. 586, 589, 210 A.2d 661. The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; *Benson* v. *Housing*

*Authority,* 145 Conn. 196, 199, 140 A.2d 320; and if facts provable under the allegations would support a defense or a cause of action, the demurrer must fail. *Cyr* v. *Brookfield,* 153 Conn. 261, 263, 216 A.2d 198. The court will not, in passing on a demurrer, consider other grounds than those specified. *Turrill* v. *Erskine,* 134 Conn. 16, 19, 54 A.2d 494. Furthermore, on demurrer the court considers the whole record. *White* v. *Avery,* 81 Conn. 325, 328, 70 A. 1065.

The record discloses that it is undisputed that A. W. Stanley Park is maintained as a public park for public use, and that the care, control and maintenance of it have been vested by the General Assembly in the board of park commissioners of the city of New Britain and its common council. 30 Spec. Acts, 1961, Jan. Sess., No. 420, c. 17.

A review of the cases clearly establishes that a city has no power to establish or conduct a public park unless legislative authority to do so has been conferred; *Hiland* v. *Ives,* 154 Conn. 683, 693, 228 A.2d 502, *Baker* v. *Norwalk,* 152 Conn. 312, 315, 206 A.2d 428; that lands held by a town as a park are held not for its own benefit or that of its inhabitants but for the benefit of the people of the state at large; *Winchester* v. *Cox,* 129 Conn. 106, 116, 26 A.2d 592; and that "a city in operating and managing a public park acts as a governmental agency exercising an authority delegated to it by the state." *Wysocki* v. *Derby,* 140 Conn. 173, 175, 98 A.2d 659.

Section 3-125 of the General Statutes, setting forth the duties of the attorney general, states, in part, that "he shall appear for the state . . . in all suits and other civil proceedings, . . . in which the state is a party or is interested."

In view of the provisions of this statute, the law

as stated in the cases cited and the facts as pleaded and provable under the special defense and counterclaim, we conclude that the court committed error in ruling, as a matter of law, that the defendant attorney general was not entitled to the relief demurred to. We do not believe that the court, on the basis of the state of the record at the time of the demurrer, was in a position to rule, as a matter of law, that the proposed installation of a private sanitary sewer line through the A. W. Stanley Park would not have been an improper private use of public park property.

Since the attorney general was barred by the court from any participation in the trial of the case, several assignments of error concerning the judgment on the merits have not been reviewed by us. We are unable, also, to review the claimed error in the action of the court in granting the motion for misjoinder because the court's ruling on this issue appears nowhere in the record on appeal.

There is error, the judgment is set aside and the case remanded with direction to overrule the demurrer to the counterclaim and then to proceed according to law.

In this opinion the other judges concurred.