STATE OF CONNECTICUT *v.* FREDERICK STECHER

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 319

Argued June 15—decided November 10, 1977

*Carl R. Ajello,* attorney general, and *Edward F. Reynolds, Jr.,* assistant attorney general, for the appellant (plaintiff).

*Frank W. Murphy,* for the appellant (third-party defendant town of New Canaan).

*Herbert V. Camp, Jr.,* for the appellee (named defendant, third-party plaintiff).

PARSKEY, J. The state filed a petition against the defendant for support of the defendant's child who was a patient at High Meadows, a state institution. The defendant impleaded and filed a third-party complaint against the town of New Canaan claiming that the town was obligated to pay a proportionate share of the cost of that support. The trial court rendered judgment on the petition in favor of the state in the amount of $16,576.15. It also rendered judgment on the third-party complaint in favor of the third-party plaintiff, the named defendant, in the amount of $9945.69. Both the state and the third-party defendant, the town of New Canaan, have appealed from the judgment on the third-party complaint.

In the main the basic facts are not disputed. The defendant Frederick Stecher is a resident of the town of New Canaan. His son Robert was a patient at the state institution at High Meadows from September 10, 1969, to December 23, 1971. Prior to that time Robert had been enrolled in the New Canaan elementary school system. Robert was involved in the school system's special education program from the time he was in first grade until the end of the school year in 1969.

In the latter part of 1968 and in the beginning of 1969 Robert became increasingly difficult to handle within the school system. Placement of Robert in another type of educational program was recommended by the New Canaan school authorities. Private placement was initially recommended but, upon the occurrence of a vacancy at High Meadows, arrangements were made by the school authorities with the consent of Robert's mother and father to send Robert to the state institution. Prior to Robert's admission to High Meadows his father

Frederick agreed to pay the per capita cost of support provided by statute, which cost Frederick Stecher was financially able to pay.

The trial court found that 60 percent of the cost of Robert's treatment at High Meadows is attributable to the cost of his special education and that of the total per capita cost billed to Frederick Stecher 60 percent was reimbursable by the town. Whether the court was correct in so finding requires a discussion of the constitutional and statutory rights and obligations of the parties.

Although education is not among the rights explicitly or implicitly protected by the federal constitution; *San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 35; the right to a free public elementary and secondary[1] education is recognized by article eighth, § 1, of our state constitution. That right "is so basic and fundamental that any infringement of . . . [it] must be strictly scrutinized." *Horton* v. *Meskill,* 172 Conn. 615, 646. This case involves a claim for reimbursement for the cost of special education at a state institution. The state and the town argue that the constitutional right does not embody special education. We need not determine the full reach of the constitutional right in order to resolve the issues involved here. It is sufficient to note that the right to a free public education is not measured by the physical or intellectual ability of the child. Therefore, in construing the statutes applicable to special education we must bear in mind that any construction which imposes a special charge for such education might impair the child's constitutional right to a free public education.

---

[1] We assume that with reference to education the word "secondary" relates to a school intermediate between elementary school and college. Webster's Third New International Dictionary.

Section 10-76d of the General Statutes imposes upon the school districts of each town a duty to provide special education for those children identified by the town board of education as requiring such education. Special education is defined in General Statutes § 10-76a as "special classes, programs or services designed to meet the education needs of exceptional children . . . ." The special education may be provided in a local school, a regional school or in a private school, agency or institution provided that the private facility has an educational program which conforms to standards established by the state board of education and that no state institution is available to meet the child's educational needs. It is undisputed that Robert Stecher qualified for special education. Since arrangements for Robert's admission to High Meadows were made by the New Canaan board of education, we can assume that at least in its judgment High Meadows was the type of state institution contemplated by § 10-76d. Additionally, High Meadows had received funds from the federal government under title 1 of the Elementary and Secondary Education Act. 79 Stat. 27, as amended. It has a separate school building containing several classrooms. A portion of each day is devoted to classroom work. In short, it provides a full-time education and training program with teachers specially trained to teach children in need of special education. Thus, there is little question but that Robert received special education at High Meadows.

The state and the town of New Canaan contend that High Meadows cannot qualify as a special educational institution because, except for the limited purpose of assuring compliance with the federal education act, it is under the jurisdiction of the state department of mental health and not the state board of education. That contention is not well taken. Whether High Meadows provides special

education for any of its patients is to be determined by the content of its program and by whether that program meets the criteria of special education spelled out in the applicable statute and in the regulations adopted pursuant thereto and not by the departmental structure of the executive branch of government. There is nothing in the special education statutes; General Statutes §§ 10-76a—10-76j; which limits special education programs to those given in institutions devoted exclusively to education. Indeed, because the children involved in special education have intellectual, physical, mental or social problems auxiliary services tailored to the needs of those children would seem to be a must.

The state and the town assert that to apply § 10-76d to the present case produces an anomalous result. They point out that under General Statutes § 17-237[2] the obligation to support children admitted to High Meadows is imposed upon their parents. If under § 10-76d the local board of education is obligated to pay that portion of the cost attributable to special education, then under § 10-76g the state is obligated to reimburse the local board for two thirds of that cost. Surely, they argue, the legislature could not have intended to produce a financial round robin. Were we not faced with the constitutional problem there might be merit to this argument. It must be borne in mind, however, that any special education given at a state institution to a child of elementary or secondary school age must be free. Although the legislature may determine that the cost of such education is to be borne by general state taxation or by general local taxation, it cannot determine that the cost is to be charged to the individual without impinging on the child's constitutional right to a free public elementary and secondary education.

[2] Section 17-237 was repealed on January 1, 1976. Public Acts 1975, No. 75-524, § 29.

An area of disputed facts arises out of a challenge to the qualification of Charles Leonard to give an opinion respecting allocation of expenditures at High Meadows. Over objection Leonard was permitted to testify that 60 to 65 percent of the per capita costs at High Meadow was properly allocable to special education. The basis of the objection was that Leonard was not qualified in the field of education or accounting.

To qualify a witness as an expert it must be shown that he has peculiar knowledge or experience which renders his opinion based on that knowledge or experience an aid to the trier. *United Aircraft Corporation* v. *International Assn. of Machinists,* 169 Conn. 473, 485; *Taylor* v. *Monroe,* 43 Conn. 36, 44. If any reasonable qualifications can be established the objection goes to the weight rather than to the admissibility of the evidence. *Wray* v. *Fairfield Amusement Co.,* 126 Conn. 221, 224. The question of the qualifications of an expert is in the discretion of the trial court. *Oborski* v. *New Haven Gas Co.,* 151 Conn. 274, 280. Rarely will a ruling finding such qualification be erroneous. *Wray* v. *Fairfield Amusement Co.,* supra, 224.

Leonard had been hired by the state of Connecticut to assist in the establishment of High Meadows and has been its superintendent since its inception. He has had considerable experience with maladjusted children during his tenure at High Meadows and for many years prior thereto. As superintendent he had prepared and sent the accounts and budget figures to the state and he was fully familiar with all aspects of the High Meadows operation. One aspect of that operation is to provide a full-time education and training program, the goal of which is to train and educate emotionally maladjusted children to live and become productive members of

society. Those facts furnished a sufficient foundation of experience to satisfy the requirements of *Taylor* and *Wray*, supra.

The trial court not only accepted Leonard's estimate that 60 percent of the per capita cost at High Meadows was allocable to special education but also used that percentage as a basis for rendering an award against the town of New Canaan. The trial court found that the town was responsible for 60 percent of the amount billed to Frederick Stecher. If the per capita cost billed as support reflected the true per capita cost at High Meadows the trial court would have been correct in its calculation. The true per capita cost, however, was far in excess of the amount billed. For example, during one period, when Frederick Stecher was billed at the rate of $26 per day the actual daily cost was about $56. If we assume that only 40 percent or $22 was properly chargeable for noneducational support, then the daily overcharge during that period was only $4, and at a later period when Frederick Stecher was billed at a daily rate of $3.85 there was no overcharge at all. Thus, even if the town were legally liable to reimburse Stecher for special education obtained at a state institution the amount of reimbursement would require recalculation.

Although we have concluded that § 10-76d gave Frederick Stecher a right of reimbursement from the New Canaan board of education for special education at High Meadows it does not follow from this that the trial court was correct in holding the town liable. In order to prevail against the town it must appear that enforceable rights exist in the plaintiff against it. *Risi* v. *Norwalk,* 144 Conn. 525, 531. If the board of education had voted to assume the cost of Robert Stecher's special education at High Meadows we might have been faced with a different problem; *Bialeck* v. *Hartford,* 135 Conn. 551, 557;

but that did not occur. The town's liability arises only after action taken by the board of education either under statutory mandate or statutorily vested discretion. *Board of Education of Stamford* v. *Board of Finance,* 127 Conn. 345, 350; *Groton & Stonington Traction Co.* v. *Groton,* 115 Conn. 151, 155. In this case, there is no finding that the school authorities agreed to pay the state of Connecticut for the placement of Robert Stecher at High Meadows or agreed to reimburse Frederick Stecher for any portion of the costs of that placement. In the absence of any action by the school authorities the necessary condition precedent to liability of the town has not been met.

There is error, the judgment for Frederick Stecher, the third-party plaintiff, is set aside and the case is remanded with direction to render judgment for the town of New Canaan on the third-party complaint.

In this opinion A. HEALEY and A. ARMENTANO, Js., concurred.