[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Practice Book 152 further provides, in pertinent part, that the motion to strike may be used to test ". . . (5) the legal sufficiency of any answer to any complaint, counterclaim or cross-complaint, or any part of that answer including any special defense contained therein . . . ." Id. See, e.g., Passini v. Decker, 39 Conn. Sup. 20, 21 467 A.2d 442
(Super.Ct., 1983, Pickett, J.) (motion to strike is proper vehicle in which to raise legal sufficiency of special defenses). See also, Krasnow v. Christensen, 40 Conn. Sup. 287,288, 492 A.2d 850 (Super.Ct., 1985, Burns, J.). F. General Comments, Practice Book 152. The court may not consider grounds other than those specified in a motion to strike. Stradmore Development Corp. v. Commissioners,164 Conn. 548, 551, 324 A.2d 919 (1973).
The court in Blancato v. Feldspar Corporation, 203 Conn. 34,522 A.2d 1235 (1987), stated:
 This court will not uphold the granting of the motion to strike on a ground not alleged in the motion nor relied upon by the trial court. See Morris v. Hartford Courant Co., [200 Conn. 676, 513 A.2d 66 (1986)], supra, 682; W. Maltbie, Connecticut Appellate Procedure 65. The trial court, in passing upon defendants' motion, properly considered only the ground they did specify. Morris v. Hartford Courant Co., supra; Cyr v, Brookfield, 153 Conn. 261, 263, 216 A.2d 198 (1965).
Blancato, supra, 44.
The court in Bank of Montreal v. Gallo, 3 Conn. App. 268,276, 487 A.2d 1101 (1985), stated that "[t]he allegations of the pleadings must apprise the opposing party of the issues and claims to be made. Board of Police Commissioners v. White,171 Conn. 553, 557, 370 A.2d 1070 (1976)." If the party asserts a special defense they assume the burden of proving it.
Pursuant to Practice Book Section 152, the plaintiff filed a motion to strike defendant's first, second and third special defense filed January 19, 1991, as legally insufficient for the following reasons: (1) As to the first special defense the defendant is a legally liable relative pursuant to General Statutes 17-294 and 17-295. (2) As to the second special defense the doctrine of laches and estoppel may not be invoked against a state agency functioning in its governmental capacity and the plaintiff's billing of the defendant does not violate the due process guarantees of the United States and CT Page 1722 Connecticut Constitutions. (3) As to the third special defense the defendant does not allege necessary facts to state a legally sufficient defense to the plaintiff's claim for reimbursement for care and maintenance provided to the defendant's son.
The defendant's first special defense is based on the grounds that in its complaint, the plaintiff does not state that the Riverview Hospital for Children is a "state humane institution" within the meaning of General Statutes 17-294. The complaint states that the Riverview Hospital for Children is a "state institution." There is no allegation that the Riverview Hospital for Children is a "state humane institution," within the meaning of General Statutes 17-294. As additional grounds for the first special defense, the defendant argues that General Statutes 17-295 (c) requires that the legally liable relative be billed in accordance with his or her ability to pay. There is no allegation in the complaint that the defendant in this case was billed in accordance with his or her ability to pay. Defendant argues that the requirements of General Statutes 17-295 (c) have not been met, and therefore the defendant has raised a valid defense.
Defendant's second special defense raises the issue of laches to bar the plaintiff's claim. The defendant claims that she was not informed that she would be billed for the services rendered to Douglas Vaughan until more than four years after the charges began to be incurred.
The defendant's third special defense is based on the theory that the care provided for Douglas Vaughan at the Riverview Hospital for Children was educational, and pursuant to the Connecticut Constitution Article 8, Section 1, the duty to provide education is that of the state, or a municipality of the state, or a subdivision thereof acting for and/or on behalf of the state. Defendant argues that the plaintiff had a legal duty to provide education to Douglas Vaughan.
First Special Defense
Plaintiff argues that Riverview Hospital for Children is a treatment facility for children and adolescents that is administered by the Department of Children and Youth Services and therefore is a "state humane institution" or a "humane institution" within the meaning of General Statutes 17-294.
Plaintiff's grounds to strike the first special defense goes to the merits of the first special defense, not the legal sufficiency and therefore is not proper. The motion to strike CT Page 1723 the first special defense is denied.
Second Special Defense
Plaintiff argues that defendant's second special defense is not legally sufficient on the grounds that a person may not assert the defense of estoppel or laches against the state. However, pursuant to case law, there are circumstances where the defense of estoppel or laches may be asserted.
The court in West Hartford v. Gelinas, 18 Conn. App. 688,559 A.2d 1176 (1989), stated:
 If the plaintiffs were not a municipality and its officers, their laxity in enforcement of a known violation might give rise to a defense of laches. Laches, however, may not be invoked against a local zoning authority. West Hartford v. Rechel, 190 Conn. 114, 120, 459 A.2d 1015 (1983); Bianco v. Darien, 157 Conn. 548, 556, 254 A.2d 898 (1969); see 3 C. Rathkopf, Law of Zoning and Planning (4th Ed. 1982) 45.05[2].
 The general rule is that estoppel may not be invoked when a government is functioning in its governmental capacity. Kimberly-Clark Corporation v. Dubno, 204 Conn. 137, 146, 527 A.2d 679 (1987); Zoning Commission v. Lescynski, 188 Conn. 724, 731, 453 A.2d 1144 (1982). That rule, however, is not without its limitations. A municipality may be equitably estopped from enforcing its zoning laws (1) when a violation has been unjustifiably induced by its agents who have authority in such matters, (2) when special circumstances make it highly inequitable or oppressive to enforce them, and (3) when great caution has been exercised. Carofano v. Bridgeport, 196 Conn. 623, 646, 495 A.2d 1011 (1985); Zoning Commission v. Lescynski, supra, 732.
West Hartford, supra, 690-91.
The court in Kimberly-Clark Corp. v. Dubno, Comm'r of Rev. Serv., 204 Conn. 137, 527 A.2d 679 (1987), stated:
 Although this court has not had occasion to determine specifically whether the conduct of the department of revenue services gives rise to estoppel, this court has said that, in certain limited circumstances, estoppel may be invoked against a municipality. See, e.g., Zoning Commission v. Lescynski, Conn. 724, 731, 453 A.2d 1144 (1982), and cases cited therein. In Lescynski, we recognized that as a CT Page 1724 general rule, estoppel may not be invoked against a public agency in the exercise of its governmental functions. Zoning commission v. Lescynski, supra; see also Dupuis v. Submarine Base Credit Union, Inc., 170 Conn. 344, 353, 365 A.2d 1093
(1976); Bianco v. Darien, 157 Conn. 548, 556, 254 A.2d 898
(1969); State v. Stonybrook, Inc., 149 Conn. 492, 501, 181 A.2d 601, cert. denied, 371 U.S. 185, 83 S.Ct. 265, 9 L.Ed.2d 227 (1962). Nevertheless, we noted that an exception to this general rule is made where the party claiming estoppel would be subjected to a substantial loss if the public agency were permitted to negate the acts of its agents Zoning Commission v. Lescynski, supra; Dupuis v. Shrine Base Credit Union, Inc., supra, 354. We perceive no reason why this limited exception should not apply in an appropriate case to estop the department of revenue services, especially in view of its statutory authority to render declaratory rulings. See Connecticut Bank Trust Co. v. Tax Commissioner, 178 Conn. 243, 423 A.2d 883 (1979) (this court dismissed the plaintiff's claim of estoppel not because the commissioner of revenue services is not subject to estoppel but because the elements of estoppel had not been established; see also George W. Davis Sons, Inc. v. Askew, 343 So.2d 1329, 1332 (Fla. 1977); Mountain States Advertising, Inc. v. Bureau of Revenue, 89 N.M. 331, 332, 552 P.2d 233 (1976); Advance Pipe Supply Co. v. Wisconsin Department of Revenue, 128 Wis.2d 431, 439-40, 383 N.W.2d 502 (1986); Department of Revenue v. Family Hospital, 105 Wis.2d 250, 253-54, 313 N.W.2d 828 (1982).
Kimberly-Clark Corp., supra, 146-47.
The court in Zotta v. Burns, 8 Conn. App. 169, 511 A.2d 373
(1986), stated:
 Estoppel against a governmental agency may be invoked only in limited instances and with great caution. Greenwich v. Kristoff, 2 Conn. App. 515, 522, 481 A.2d 77 (1984). "Unless our well-established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury." Zoning Commission v. Lescynski, 188 Conn. 724, 731, 453 A.2d 1144 (1982). In order to invoke a claim of estoppel against a government agent, the claimant must also show that the government agent who induced the detrimental reliance had authority to act in such matters and that special circumstances exist which make it highly inequitable or oppressive to enforce the CT Page 1725 applicable law. West Hartford v. Rechel, 190 Conn. 114, 121, 459 A.2d 1015 (1983). Further, the party claiming estoppel in such cases must establish that he exercised due diligence in ascertaining the legality of his conduct, "and that he not only lacked the knowledge of the true state of things but had no convenient means of acquiring that knowledge." Greenwich v. Kristoff, supra.
Zotta, supra, 176.
The court in Zoning Commission v. Lescynski, 188 Conn. 724,453 A.2d 1114 (1982), stated:
 The defendants nowhere take issue with the legal principles concerning municipal estoppel which the trial court found to be applicable. Under our well established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury. Bozzi v. Bozzi, 177 Conn. 232, 242, 413 A.2d 834
(1979); Dupuis v. Submarine Base Credit Union, Inc., 170 Conn. 344, 353, 365 A.2d 1093 (1976); Pet Car Products. Inc. v. Barnett, 150 Conn. 42, 53-54, 184 A.2d 797 (1962). Although estoppel may not generally be invoked against a public agency in the exercise of its governmental functions; Dupuis v. Submarine Base Credit Union, Inc., supra, 353; Bianco v. Darien, 157 Conn. 548, 556, 254 A.2d 898 (1969); State v. Stonybrook, Inc., 149 Conn. 492, 501, 181 A.2d 601, cert. denied, 371 U.S. 185, 83 S.Ct. 265, 9 L.Ed.2d 227
(1962); 6 McQuillin, Municipal Corporations (3d Ed. Rev.), 20.13; 8A McQuillin, supra, 25.349, 25.358; an exception is made where the party claiming estoppel would be subjected to substantial loss if the municipality were permitted to negate the acts of its agents. Dupuis v. Submarine Base Credit Union, Inc., supra, 354; see 6 McQuillin, supra; 9 age McQuillin supra, 27.56. Estoppel against municipalities is therefore limited and may be invoked against the enforcement of zoning regulations (1) only with great caution, (2) only when the resulting violation has been unjustifiably induced by an agent having authority in such matters, and (3) only when special circumstances make it highly inequitable or oppressive to enforce the regulations. Dupuis v. Submarine Base Credit Union, Inc., supra, 354.
Lescynski, supra 731-32.
The court in Dupuis v. Submarine Base Credit Union, Inc., CT Page 1726170 Conn. 344, 365 A.2d 1093 (1976), stated:
 It has consistently been the law of this state that a town cannot be estopped by the unauthorized acts of its agents from enforcing its zoning laws. Page 353 See, e.g., Carini v. Zoning Board of Appeals, 164 Conn. 169, 174, 319 A.2d 390; State v. Stonybrook, Inc., supra, 501; Pallman v. East Haven, 135 Conn. 593, 594, 67 A.2d 560. Nor may the defense of laches be involved against a zoning authority. Bianco v. Darien, 157 Conn. 548, 555, 254 A.2d 898; Wallingford v. Roberts, 145 Conn. 682, 685, 146 A.2d 588. "This specific rule with respect to zoning authorities must be placed in context as one aspect of the larger rule, explained in Pet Car Products Inc. v. Barnett, 150 Conn. 42, 53, 184 A.2d 797, that "[i]n general, estoppel may not be invoked against the government or a public agency functioning in its governmental capacity. 31 C.J.S., Estoppel, 138. The general rule is qualified, however, in that one may invoke the doctrine where his action has been induced by the conduct of municipal officers and where he would be subjected to a substantial loss if the municipality were permitted to negate the acts of its agents. Cities Service Oil Co. v. City of Des Plaines, 21 Ill.2d 157, 161, 171 N.E.2d 605. `There are two essential elements to an estoppel — the party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief; and the other party, influenced thereby, must actually change his position or do some act to his injury which he otherwise would not have done.' Fawcett v. New Haven Organ Co., 47 Conn. 224, 227; State ex rel. DeGregorio v. Woodruff, 135 Conn. 31, 36, 60 A.2d 653; Tradesmens National Bank v. Minor, 122 Conn. 419, 424, 190 A. 270. Moreover, it is the burden of the person claiming the estoppel to show that he exercised due diligence to ascertain the truth and that he not only lacked knowledge of the true state of things but had no convenient means of acquiring that knowledge. Linahan v. Linahan, 131 Conn. 307, 327, 39 A.2d 895; Myers v. Burke, 120 Conn. 69, 76, 179 A. 88; Weidemann v. Springfield Breweries Co., 78 Conn. 660, 664, 63 A. 162."
Dupuis, supra, 353-54.
 Pursuant to the above cited cases a defense of laches or estoppel is not necessarily barred. Thus, here again the defendant's argument with respect to striking the second special defense goes to the merits of the second special defense, not the legal sufficiency thereof and thus is not proper on a motion to strike.
CT Page 1727
Third Special Defense
 The court in State v. Stecher, 35 Conn. Sup. 501, 390 A.2d 408 (1977), of the issue of payment of educational costs, stated:
 Although we have concluded that 10-76d gave Frederick Stecher a right of reimbursement from the New Canaan board of education for special education at High Meadow it does not follow from this that the trial court was correct in holding the town liable. In order to prevail [sic] against the town it must appear that enforeable [sic] rights exist in the plaintiff against it. Risi v. Norwalk, 144 Conn. 523, 531. If the board of education had voted to assume the cost of Robert Stecher's special education at High Meadows we might have been faced with a different problem; Bialeck v. Hartford, 135 Conn. 551, 557; but that did not occur. The town's liability arises only after action taken by the board of education either under statutory mandate or statutorily vested discretion. Board of Education of Stamford v. Board of Finance, 127 Conn. 345, 350; Groton 
Stonington Traction Co. v. Groton, 115 Conn. 151, 155. In this case, there is no finding that the school authorities agreed to pay the state of Connecticut for the placement of Robert Stecher at High Meadows or agreed to reimburse Frederick Stecher for any portion of the costs of that placement. In the absence of any action by the school authorities the necessary condition precedent to liability of the town has not been, met.
Stecher, supra, 507-508.
The defendant in her third special defense argues that the Borough of Naugatuck and/or the Borough of Naugatuck Board of Education are responsible for the bills and charges pertaining to the care of Douglas Vaughan. The defendant, in her third special defense, fails to allege whether the Borough of Naugatuck and/or the Borough of Naugatuck Board of Education agreed to pay the State of Connecticut for said bills and charges. Thus, pursuant to the reasoning of the court in Stecher, this court strikes the third special defense as legally insufficient.
John F. Walsh, J.