[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE OBJECTION TO MOTION TO STRIKE #113
On April 16, 1991 the plaintiff, Francis Homich, filed a one count complaint against the Wallingford Evergreen Condominium Association ("Association") for injuries he received when he slipped and fell on an icy stairway in the condominium complex. On August 16, 1991 the Association filed a motion to implead Cecil Breedlove. The motion was granted on September 30, 1991. On October 21, 1991 the Association filed a two count third party complaint against Breedlove. In the third party complaint the Association alleges that it had a snowplow service agreement with Breedlove. In count one, the Association alleges that if the plaintiff were injured after 8:00 a.m. then Breedlove had not fulfilled his agreement, the Association relied upon Breedlove to perform properly, and Breedlove's breach is the proximate cause of any injury suffered by Homich. In count two, the Association alleges that the negligence of Breedlove, not of the Association, caused any injuries suffered by Homich. Therefore the Association seeks indemnification and/or contribution from Breedlove.
On May 18, 1992 the third party defendant filed a motion to strike count one of the third party complaint on the ground that it did not state a claim for indemnification, accompanied by a supporting memorandum. On May 22, 1992 the third party plaintiff filed an objection to the motion to strike and an accompanying memorandum claiming that the first count of the third party complaint alleges a negligent breach of contract.
The motion to strike tests the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). Therefore, "[a]n attack upon the sufficiency of an impleader complaint should be made by a motion to strike." Commissioner v. Lake Phipps Land Owners Corp., 3 Conn. App. 100,102 n. 2, 485 A.2d 580 (1985). A motion to strike raising claims of legal insufficiency "shall set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." Practice Book Sec. 154. CT Page 7696 "`In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion.'" Meredith v. Police Commissioner, 182 Conn. 138, 140, 438 A.2d 27 (1980), quoting Stradmore Development Corp. v. Commissioners, 164 Conn. 548,551, 324 A.2d 919 (1973).
The third party defendant moves to strike count one on the ground that the first count does not state a claim for indemnification. Therefore, this is the only ground that may be considered by the court. Meredith, supra.
"[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct." Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26
(1991), citing Kaplan v. Merberg Wrecking Corp., 152 Conn. 405,411, 207 A.2d 735 (1965). "It is true, of course, that out of a contractual relationship a tort liability, as in negligence, may arise. And it sometimes happens that in such a situation an action is also maintainable in contract for breach of an implied obligation to exercise reasonable care in the performance of a contract." Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 410,207 A.2d 735 (1965).
In the first count of the third party complaint, the Association alleges that Breedlove breached the snow removal agreement and that this breach was the proximate cause of Homich's injuries. By such, the Association has alleged that Breedlove "dishonored a contractual provision." See Burkert, supra. In considering a motion to strike the court must view the facts alleged "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them." (Citations omitted.) Zeller v. Mark, 14 Conn. App. 651, 654, 542 A.2d 752 (1988). Here, the allegations in the third party complaint imply that Breedlove had an implied obligation to exercise reasonable care in his performance of the snow removal agreement. Therefore the first count of the third party complaint sufficiently states a claim for indemnification on the ground of breach of an implied obligation to use reasonable care in the performance of a contract. See Kaplan, supra. Consequently, the third party plaintiff's objection to the third party defendant's motion to strike the first count of the third party complaint, is sustained.
John P. Maiocco, Jr., Judge CT Page 7697