[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The third party defendant, The Bagel Connection, Inc. has moved to strike the third party complaint of A.M. Manufacturing Company, Inc. and The Atwood Corporation (collectively, "A.M.") on the ground that it fails to state a cause of action upon which relief can be granted.
The third party complaint is made in a suit in which William Roundtree and his mother, Bernice Roundtree have sued A. M. alleging that William was injured at work because of a defect in a machine manufactured by A.M., a division of The Atwood Corporation. In their third party complaint, the defendants allege that any harm CT Page 5300 to the plaintiff arose from the actions of his employer, The Bagel Connection, Inc., ("employer") which the A.M. alleges modified the machine, failed to instruct the plaintiff as to its proper operation, and bypassed a safety feature by the manner in which it instructed the plaintiff to use the machine.
In their prayer for relief, A.M. and seeks indemnification from The Bagel Connection, Inc. for any amounts they may be required to pay the plaintiffs, plus costs.
The employer raises several grounds in support of the motion to strike A.M.'s third party complaint:
1. The claim is barred by §§ 31-284 (a) and 52-572r(d) C.G.S.
 2. The claim is barred by the applicable statute of limitations, § 52-577a(b) C.G.S., and
 3. The third party plaintiffs have failed to cite the statute upon which their claim is based.
This case has been consolidated with the Roundtrees' suit against The Bagel Connection, Docket No. CV92 0333501, in which the plaintiffs have sued the employer, relying on the allegations 1) that William Roundtree was a minor at the time of the injury and 2) that the employer engaged in reckless and wanton misconduct. The employer's motion to strike and motion to dismiss the plaintiffs' claims in that case were denied. Though no memorandum of decision accompanied the denials of these motions, it appears that the complaint was held sufficient to come within one or more exceptions to the exclusivity of the workers' compensation remedy.
I. STANDARD OF REVIEW
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 152; Ferryman v. Groton,212 Conn. 138, 142 (1989). The motion to strike admits all facts well pleaded. id; Cyr v. Brookfield, 153 Conn. 261, 263,216 A.2d 198 (1965). The allegations are to be given the same favorable construction as a trier would be required to give in admitting evidence under them; Ferryman v. Groton, 212 Conn. 142; and if facts proven under the allegations would support a defense or a cause of action, the motion to strike must fail. id.; StradmoreDevelopment Corporation v. Commissioners, 164 Conn. 548, 550-51,324 A.2d 919 (1973). CT Page 5301
A motion to strike may properly be used to raise the defense of the running of a statute of limitation. Vilcinkas v. Sears,Roebuck Co., 144 Conn. 170, 171-2 (1956).
II. IMMUNITY
Section 52-572r(d) C.G.S. provides that
 In any product liability claim for personal injury or death arising out of and in the course of employment subject to the provision of sections 52-240a, 52-240b, 52-572M to 52-572r inclusive, and 52-577a, brought by any third party, such third party may not maintain any actions for indemnity against any person immune from liability.
The movant has not raised the general issue of a source of a duty to indemnify, see Atkinson v. Berloni, 23 Conn. App. 325, 327
(1990) but only the applicability of the cited statutes.
Section 52-572r was repealed by P.A. 93-229, effective July 1, 1993. The third party plaintiffs and defendants took the position at oral argument that this repeal does not affect the claims in this action, which has been pending since 1992.
While an employer may be liable to a third party for injuries employee in certain circumstances in which the employer has an independent duty to the third party, see Ferryman v. Groton,212 Conn. 138, (1989), the Supreme Court has noted that § 52-572r
removes product liability claims from the claims that can be brought on such a basis, finding that "the legislature has chosen not to permit indemnification in the related field of product liability" where an employee is injured. Ferryman v. Groton,212 Conn. 146.
The inquiry is, then, whether the third party complaint is "a product liability claim for personal injury or death arising out of employment" and whether the employer is a "person immune from liability" within the meaning of § 52-572r(d). In denying the employer's motion to strike the claims of its employee in the companion case, Roundtree v. The Bagel Connection, Inc., Docket No. 333501, the court ruled, in effect, that the employer was not "immune," apparently because of the assertion that the employee was CT Page 5302 a minor and the bar to suit did not therefore apply, see Blancatov. Feldspar, 203 Conn. 34 (1987).
The present state of the record is that the employee's action against the employer is not barred by § 31-284a C.G.S., and the employer has identified no other source of "immunity" within the meaning of § 52-572r(d) C.G.S. Accordingly, the third party defendant cannot prevail on the ground that it is immune. The issue of whether the third party complaint is a "product liability claim" is addressed below.
III. STATUTE OF LIMITATIONS
The employer asserts as an additional ground for striking the third party complaint that the third party plaintiffs failed to bring their claim within the applicable statute of limitation, which it identifies as § 52-577a(b) C.G.S. That statute provides in pertinent part that in any product liability action, as defined in section 52-572m, "a product seller may implead any third party who is or may be liable for all or part of the claimant's claim, if such third party defendant is served with the third party complaint within one year from the date the [product liability] cause of action . . . is returned to court."
A.M. contends that the one year time limit is inapplicable because Roundtree's claim is not a "product liability" action because a product seller is not liable where the injury results from modification or misuse of its product.
Section 52-572m(b) defines "product liability claim" as including "all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product," including actions based on theories of strict liability in tort, negligence, breach of express or implied warranty, and breach of or failure to discharge a duty to warn or instruct as misrepresentation or nondisclosure, whether negligent or innocent. The statute does not exempt from the definition of "product liability action" any claim that might be subject to a valid defense, nor does § 52-577a(b) contain any such exclusion.
The issue remains, however, whether A.M.'s claim against the employer is a product liability claim at all. A.M. seeks no remedy for any injuries to itself that could be characterized as a product CT Page 5303 liability claim against the employer. Although A.M. claims in its brief, at page 2, that it is not asserting a right of indemnification against the employer, its third party complaint specifically identifies indemnification as the remedy sought:
 Wherefore the defendant AM Manufacturing Company, Inc. and The Atwood Corporation pray that . . . if they are found liable in any respect or in any amount that its said defendant Bagel Connection, Inc. be required to indemnify them and hold them harmless and reimburse them for any and all such amounts they may be required to pay. . . .
Third Party Complaint, filed February 15, 1994.
The allegations of the third party complaint are not based on any theory that the employer is liable to A.M. as a product seller, manufacturer or the like. The court concludes that A.M.'s claim (as distinguished from Roundtree's claim) is one for indemnification, not a "claim or action brought for personal injury, death or property damage . . ." within the statutory definition cited above. Roundtree's own suit against The Bagel Connection, Inc. is not a product liability claim within the definition of the statute; and A.M.'s claim for indemnification is not a product liability claim within the statutory definition either.
In Malerba v. Cessna Aircraft Co., 210 Conn. 189 (1989), the Supreme Court, albeit in another context, concluded that "common law indemnification continues as a viable cause of action in the context of product liability claims . . ." Malerba v. Cessna AircraftCo., 210 Conn. 198, and found that the trial court had erred in striking the portions of the third party complaint that raised entitlement of a product seller to indemnification from the parties that operated and repaired the product claimed to have injured the plaintiff.
The court in Malerba clearly distinguished claims for contribution for harm to a victim from claims for indemnification owed to a claimed joint tortfeasor.
Sec. 52-577a(b) can be seen as imposing a one-year limitation on impleading another party only on a theory of contribution, since that statute applies to third parties "who [are] or may be liable for all or part of the claimant's claim," that is, parties liable CT Page 5304 to the plaintiff on a theory of contribution for the product defect, not parties liable to defendants on a theory of indemnification arising from a duty to the defendants.
Since defendants' claim against the third party in the case before this court is based on indemnification, not contribution, the one-year statute of limitation imposed by § 52-577a(b) does not apply.
The second ground asserted by the third party defendant does not supply grounds to strike the complaint.
IV. FAILURE TO STATE A CLAIM
The employer asserts that the complaint must be stricken for A.M.'s failure to allege that it is maintaining a statutory cause of action. The movant's theory appears to be that it is necessary for a party utilizing the procedures of 52-102a to cite that statute in the complaint.
The movant invokes Practice Book § 109A, which requires that a party asserting a claim "grounded on a statute" must identify the statute by number. The movant appears to view A.M.'s indemnification claim as being "grounded on" § 51-102a C.G.S. A.M.'s claim is not, however, "grounded on" that statute, which merely prescribes procedures, without creating a statutory cause of action. Rather, A.M. appears to be asserting a common law claim for indemnification.
The movant also asserts that A.M. has failed "to allege that third party defendant is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against it." (Brief of Third Party Defendant, page 3)
Upon receiving permission from the court to serve a third party complaint, a party must file a complaint that contains factual allegations to the effect that the third party defendant is or may be liable to the third party plaintiff. Senior v. Hope,156 Conn. 92, 98 (1968); Commissioner v. Lake Phipps Land OwnersCorporation, 3 Conn. App. 100, 102, 385 A.2d 580 (1985). Where a third party plaintiff alleges that the third party defendant may be or is liable to the plaintiff, rather than to the third party plaintiff, the conditions of § 52-102a C.G.S. are not met.Commissioner v. Lake Phipps Land Owners Corporation,3 Conn. App. 102. CT Page 5305
Though the prayer for relief in the third party complaint identifies the remedy sought as indemnification, all of the factual allegations of the complaint relate to the third party defendant's alleged breach of duty to the plaintiff in causing his physical injury.
A.M. alleges no facts to the effect that The Bagel Connection is or may be liable to A.M., nor any allegation supporting any right to indemnification. (To the extent that A.M. would argue that it is, in reality, seeking contribution rather than indemnification, its claim would be subject to the one year statute of limitations imposed on such claims by § 52-577a(b) C.G.S. See Part II above).
The third party plaintiff has failed to allege any facts giving rise to a common law duty by the employer to indemnify it, and it has therefore failed to state a cause of action.
CONCLUSION
The motion to strike the third party complaint is granted.
Beverly J. Hodgson Judge of the Superior Court