[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 10441
Joanne S. Faulkner and Arthur R. Riccio Jr. for plaintiff.
Day, Berry Howard for defendant.
This case comes before the court on the defendant's motion to strike the first, second and fourth counts of the Second Amended Complaint. In his complaint, the plaintiff claims the defendant violated contractual and statutory obligations in connection with an installment purchase of an automobile.
By an order dated August 1, 1994, the court overruled the plaintiff's objection to the defendant's request to revise the complaint to the extent of ordering that each statutory cause of action be set forth in a separate count.
In its motion to strike, the defendant asserts that the plaintiff has, 1) in the course of revising the complaint after the ruling on the objection to the request to revise amended the complaint without moving for leave to amend and 2) failed to state a cause of action in the Second and Fourth Counts.
Inspection of the Second Amended complaint and its predecessor reveals that the plaintiff has used the occasion of separating his statutory claims into separate paragraphs to add a new cause of action in contract and to amend the factual allegations.
I. CLAIM OF IMPROPER AMENDMENT
In ruling on the objection to the request to revise, the court overruled only the plaintiff's objection to stating the various statutory claims in separate paragraphs and sustained the remaining objections to the request to revise, which in some respects improperly sought to curtail the plaintiff's pleading of his claim in his chosen way and in other respects tried to raise substantive issues not properly raised by a request to revise.
To the extent that the plaintiff has amended his complaint by adding allegations rather than simply complying with the ruling on the objection to the request to revise, he has failed to comply with Practice Book § 176, which requires a motion seeking leave of the court to amend other than to comply with a court order. Allegations added without compliance with § 176 are properly challenged by a request to revise, since the propriety of the CT Page 10442 pleading, not its legal sufficiency, is at issue.
Practice Book § 147 provides that a request to revise may be filed "[w]henever any party desires to obtain . . . (2) the deletion of any . . . improper allegations in an adverse party's pleading . . . [or] . . . (4) any other appropriate correction in an adverse party's pleading . . ." In Royce v. Westport, 183 Conn. 177, 180
(1981) the Supreme Court approved the use of a request to revise to raise the issue of compliance with the court's ruling in a prior order addressed to the pleadings. A request to revise likewise appears to be appropriate to challenge an amendment made without filing a motion to amend.
The Supreme Court has, without discussion, indicated inMcCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 527 (1991) that where a party raises an issue through the wrong motion in the series of authorized motions, the court should treat the subject matter of the motion as though it had been raised by the proper motion, in that case, a motion to strike rather than a motion to dismiss. The misnomer or misselection of motions in McCutcheon
involved, however, the use of a motion earlier in the sequence authorized by P.B. § 112 when a later motion in that sequence was appropriate. Since Practice Book § 113 provides that the filing of a pleading later in the authorized sequence waives the filing of prior motions, it does not appear that the court is free to treat a motion later in the sequence as if it were on an earlier motion, because to do so would deprive the non-movant of the operation of the waiver.[1]
Pursuant to § 113, by filing a motion to strike, the defendant waived its right to file a request to revise to raise the claim of unauthorized amendment, and it therefore waived that claim of noncompliance with the rules of practice.
The motion to strike the First Count, paragraph 10 of the Third Count, and paragraph 10, and 15b of the Fifth Count is denied.
Second Count
The defendant has also moved to strike the Second Count on the ground that the plaintiff has failed to state a claim under the statute invoked.
In the Second Count, the plaintiff alleges that the defendant CT Page 10443 failed to comply with General Statutes § 42-84b(a). The defendant asserts that the plaintiff has failed to allege that he notified the defendant in writing of his claim that the billing statement contained errors and the basis for that belief. At paragraph 12 of this count, the plaintiff alleges that he sent the defendant a letter dated January 8, 1992 in which he disputed the amount claimed to be due.
A motion to strike may not be granted if facts provable under the allegations of the complaint would support a cause of action.Stradmore Development Corp. v. Commissioners, 164 Conn. 548, 550-51
(1973); Coste v. Riverside Motors, Inc., 24 Conn. App. 109, 111
(1991).
Under the allegations of paragraph 12, the plaintiff could introduce evidence of written notification of the basis of his claim of error. Accordingly, the motion to strike Count Two is denied.
Fourth Count
The defendant has moved to strike the Fourth Count of the complaint on the ground that the statute invoked, General Statutes § 42a-9-507, applies only to situations in which a secured party sells or disposes of collateral. The allegations of the complaint neither state nor imply a claim that the defendant sold or disposed of the plaintiff's vehicle, but only that it repossessed the vehicle and subjected him to "temporary loss" (para. 8, Count Four). Section 42a-9-507 provides in relevant part that "[i]f the disposition has occurred the debtor or any person entitled to notification or whose security interest has been made known to the secured party prior to the disposition has a right to recover from the secured party any loss caused by a failure to comply with the provisions of this part."
Since the plaintiff alleges that the defendant repossessed and temporarily deprived him of the use of the vehicle but does not allege that the defendant sold or otherwise disposed of it, he has failed to state a cause of action arising under 42a-9-507.
The motion to strike the Fourth Count is granted.
CONCLUSION
1. The motion to strike the First Count is denied. CT Page 10444
 2. The motion to strike paragraph 10 of the Third Count is denied.
 3. The motion to strike paragraphs 10 and 15b of the Fifth Count is denied.
4. The motion to strike the Second Count is denied.
5. The motion to strike the Fourth Count is granted.
Beverly J. Hodgson Judge of the Superior court