[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT'S MOTION TO STRIKE THIRD PARTY COMPLAINT
I. BACKGROUND
On August 18, 1998, plaintiff G.L. Capasso Restoration, Inc. ("Capasso"), commenced the above action against the West Haven Housing authority ("WHHA"). Capasso seeks damages arising out of WHHA's alleged acceptance of a bid by Capasso for a contract regarding a city project known as "Surfside 200, Building Envelope Repair and Waterproofing." Capasso, the second lowest bidder, claims that WHHA wrongfully repudiated and materially breached the alleged contract when it subsequently awarded the job to the lowest bidder, Premier-New York, Inc.
On November 24, 1998, WHHA impleaded EngiTek, Inc. ("EngiTek") into this action as a third party defendant. The third party complaint, as revised, seeks indemnification from EngiTek for any judgment rendered against WHHA, as well as costs, attorney's fees and expenses. WHHA bases its claims on EngiTek's subsidiary Protze Consulting Engineers' alleged negligence and breach of contract for design consultant services that WHHA had entered into with Protze in connection with the project.
EngiTek now moves to strike WHHA's Second Revised Third Party Complaint CT Page 8304 in its entirety on the grounds that (1) WHHA has not stated a claim for indemnification as a matter of law and that (2) WHHA's additional claims for money damages, including costs, attorney's fees and expenses, are not properly raised in WHHA's Second Revised Third Party Complaint.
II. STANDARD OF REVIEW
A motion to strike challenges the legal sufficiently of a pleading. Practice Book § 10-39; see also Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985). A motion to strike is the proper vehicle to determine whether a third party complaint states a cause of action. Senior, Jr. v. Hope,156 Conn. 92 (1968). In ruling on a motion to strike, the trial court is limited to consideration of the facts alleged in the pleading challenged. King v. Board of Education, 195 Conn. 90, 93 (1985). The motion admits all well pleaded facts, but does not admit any legal conclusions or the truth or accuracy of any opinions. Alarm ApplicationsCo. v. Simsbury Vol. Fire Co., 179 Conn. 541, 545 (1980). The court is bound to construe the facts alleged in the complaint most favorably to the plaintiff. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-215 (1992).
If facts provable in the complaint would support a cause of action, the motion to strike must be denied. Westport Bank Trust v. Corcoran,Mallin Aresco, 221 Conn. 490, 495 (1992); Stradmore Dev. Corp. v.Commissioners, 164 Conn. 548, 550-51 (1973). A pleading will survive a motion to strike where it contains all the necessary elements of a cause of action. D'Ulisse-Cupo v. Board of Dirs. Of Notre Dame High Sch.,202 Conn. 206, 218-19 (1987).
III. LAW ARGUMENT
The third-party defendant EngiTek moved to strike the complaint because "it is not legally sufficient to state a claim upon which relief can be granted, in that: (1) it fails to allege a cause of action for indemnification as a matter of law; and (2) all claims for relief in addition to indemnification are not properly raised in a third party complaint. (Third-Party Defendant.'s Memorandum of Law in support of its Motion to Strike, at 1-2)
Defendant EngiTek argues that WHHA has not stated a claim for common law indemnification based in tort and also that WHHA has not stated a claim for indemnification based on express contract. In so doing, EngiTek misconstrues the allegations of the single count third party complaint. Although there may be basis for EngiTek's claim that it would be difficult to establish that the consultant was in "exclusive control" of WHHA's bid award, as required for indemnification based in tort under CT Page 8305Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 416 (1965), that is not a fair reading of the cause of action alleged in this third party complaint.
In Kaplan, the contract between the property owner and the contractor contained no provisions or standard requiring indemnification if the property owner were held liable due to any negligence or breach of the contract terms by the wrecking company. In Montanez v. Lewis Boyle,Inc., 1993 WL 544658 (Hennessey, J., 12/23/93), also cited by EngiTek, the contract only contained a disclaimer clause, not a specific legal obligation imposing liability by contract.
However, in this case, as alleged in paragraph five of the revised third party complaint, the contract between WHHA and EngiTek's subsidiary contains a specific provision for indemnification for any damages caused by Protze's negligence:
"Paragraph 1.24.2. of the contract also states:
 . . . THE A/E (PROTZE) SHALL BE AND REMAIN LIABLE TO THE HA IN ACCORDANCE WITH THE APPLICABLE LAW FOR ALL DAMAGES TO THE HA CAUSED BY THE A/E'S NEGLIGENT PERFORMANCE OF ANY OF THE SERVICES FURNISHED UNDER THE CONTRACT.
 Thus, under the contract Protze should indemnify WHHA for the claim of Capasso."
Second Revised Third Party Complaint, ¶ 5.
The third party complaint alleges Protze was negligent in recommending that WHHA award the contract to someone other than the lowest bidder, when they knew or should have known that federal provisions applicable to the bid award required an award to the lowest bidder. Second Revised Third Party Complaint ¶¶ 3, 5, 8, 12 and 14. Contrary to EngiTek's assertions, this does state a claim for contractual indemnity based upon the third party defendants' negligent performance of its services furnished under the contract.
Further, if plaintiff Capasso recovers against defendant WHHA and defendant WHHA recovers against third party defendant EngiTek on its claim, the third party defendant may also be held liable for reasonable attorney's fees, costs and expenses of defending the claim. SeismographService (England), Ltd. v. Bolt Associates, Inc., 8 Conn. App. 446, 453
(1986). CT Page 8306
Accordingly, the motion to strike the Second Revised Third Party Complaint must be denied.
BY THE COURT,
Sequino, J.