ERNEST D. SCOFIELD, ET UX.

vs.

HEIRS OF AUGUSTUS MEEKER, ET AL.

Superior Court        Fairfield County        File #30370

Present:  Hon. NEWELL JENNINGS, Judge.

John ·H. Romme,                Attorney for the Plaintiffs.

Tammany & Connery;
Ira O. Gregory,                Attorneys for the Defendants.

## MEMORANDUM FILED MAY 26, 1936.

· JENNINGS, J.  This is a suit to quiet title to a portion of the Great Marsh lying in the Town of Westport.  Up to recent times the property in question was used only for duck shooting and the harvesting of salt hay but with the increasing scarcity of shore property it has begun to assume considerable value.  The defendant Rowland paid over $3000. for the comparatively small piece claimed by him.

The plaintiff Jennie Scofield bought her small house lot on August 5, 1925.  There appears to be no dispute about her boundaries.  The plaintiff Ernest Scofield bought September 22, 1928.  His counsel has apparently served a long apprenticeship in the search of titles of this character and with great skill and care has traced the record title back to 1828, an almost impossible feat in view of the character of the property under consideration.  After wandering around amongst these ancient records covering one hundred years, he was still in great difficulty in fixing definite boundaries for the piece claimed by his client.

He started proceedings by bringing this suit to quiet title, for an injunction and damages.  After it got under way, he engaged the services of a competent engineer to run a survey. This engineer examined the records and the land and produced the maps in evidence, Exhibits 32 and 33.  On the stand he carefully explained the assumptions on which his conclusions were based and if his assumptions are correct his conclusions

are inescapable in so far as the paper title is concerned. His method was to take Beach Road as the north boundary, the Tilley property as the east boundary, and the creek as the south boundary. He then ran a line substantially parallel with the east boundary and at such distance therefrom as would give to the plaintiff 2 7/16 acres in area, the amount of land called for by his (1928) deed and substantially that called for by those of many of his predecessors in title.

In view of the fact that this west line includes property long occupied by the defendants, the accuracy of his assumptions is open to question in several respects. The road, due to the encroachment of the arm of the Sound, has receded materially with the passage of time. The eastern boundary was fixed when one Harold Gorham was the owner of the whole tract. He was not a witness and his absence was not explained. The references to him by the plaintiffs' own witnesses were not such as to commend him as a diligent seeker after truth. There is no reason to suppose that the west boundary is parallel with that on the east. All of these facts throw considerable doubt on his controlling assumption that the piece contained 2 7/16 acres "more or less". Even so, the result obtained by him would not be entirely unreasonable were it not for the very definite facts established by the defendants.

The defendants, the Bradleys, obtained title by distribution from the estate of the father of William B. Bradley in 1897. While the father was the owner of this property, its boundaries were pointed out definitely to the son by him and were later agreed to by the adjoining owners. The son cut the salt hay on the property annually for many years and no dispute as to his open and notorious claim arose. In 1922, three years before the purchase by Jennie Scofield, he sold the most easterly piece now claimed by the defendants to Rowland, who, also without molestation, built a cottage on it and occupied it. Rowland soon after bought the Bradleys' entire shore front and occupied it by themselves or their grantees. By the time Ernest Scofield bought, the tract in dispute was well built up and the houses occupied. He knowingly bought a law suit. Well, he got one.

The defendants have a better title to the land than the plaintiffs. It was never disputed until the plaintiff Ernest Scofield bought in 1928.

If their paper title is defective, they own the land by adverse possession.

Hurlburt vs. Bussemey, 101 Conn. 406.

The deed under which the plaintiff Scofield claims is void under General Statutes 5020, his grantor being ousted of possession.

Palmer vs. Uhl, 112 Conn. 125.

Two of the cases cited by the plaintiffs on their brief, DiDomizio vs. Scapellati, 109 Conn. 451, and Gaul vs. Baker, 105 Conn. 80, decide that a person out of possession may bring suit to quiet title but do not dispute the holding of Palmer vs. Uhl, supra.

There only remains the reserved point of evidence with reference to declarations or agreements of former owners as to these boundaries. Where made by former owners who are dead but who had parted with their possession before the declaration was made, such declarations have not been considered by me. This safeguard seems, in ordinary cases, to be required by the reasoning in Bordon vs. Westport, 105 Conn. 139.

Judgment may enter for the plaintiffs in so far as they have stipulated as to their boundaries with the adjoining owners, their western boundary is found to be in accordance with Exhibit B, and all other issues are found for the defendants.