TOWN OF WALLINGFORD *v.* FRED D. ROBERTS ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued October 9—decided November 20, 1958

*Harold Koplowitz,* with whom was *Howard J. Maxwell,* for the appellants (defendants).

*Theodore Lendler,* with whom were *Matthew G. Galligan* and, on the brief, *Joseph M. Delaney,* for the appellee (plaintiff).

MURPHY, J. The defendants are the owners of property in Wallingford upon which they operate a trailer camp. The town, acting through its zoning commission, has obtained a  judgment in the Superior Court enjoining that use as a violation of the zoning regulations. The defendants have appealed from that judgment.

There are but two questions presented in this appeal. The first is whether there was an existing nonconforming use of the property as a trailer camp at noon on April 20, 1953, when the zoning regulations became effective, and the second is whether the town has waived the right to enforce the zoning restriction on the property by failure to take legal action before June, 1956, when this suit was started.

The defendants acquired title to the property on April 17, 1953. At that time one trailer, occupied by the sellers, and a two-car garage were on the property. The defendants purchased the property with full knowledge that the zoning regulations were to become effective on April 20, that trailer camps were not permitted uses in an RU-1 rural district, and that this was to be the zoning classification of the property. About 4:30 o'clock on the afternoon of

Sunday, April 19, the day before the regulations were to become effective, the defendants caused five trailers to be moved onto the property. As of April 20, none of them was connected to a septic tank, nor were there any poles on the property for servicing of the trailers by utilities.

The trial court concluded that the belated effort of the defendants in moving the five trailers onto their land, within twenty-four hours of the time when the regulations were to become operative, did not create an existing nonconforming use. For there to be an existing use, premises must be so utilized as to be known in the neighborhood as employed for a given purpose. Such utilization combines two factors: (1) the adaptability of the land for the purpose; (2) the employment of it within that purpose. In addition, the use must be actual and not merely contemplated. *DeFelice* v. *Zoning Board of Appeals,* 130 Conn. 156, 161, 32 A.2d 635. Upon the facts in this case, the court was not in error in its conclusion that an existing use as a trailer camp had not been legally created when the zoning regulations took effect.

Within a week after April 20, 1953, the defendants were notified, both personally and by registered mail, that they were using the premises in violation of the zoning laws. Relying on the advice of the then town attorney, the zoning commission did not, at that time, bring a civil action against the defendants. Complaint, however, was made to the prosecuting attorney of the town court. The present action was instituted in June, 1956. The defendants were enjoined from using their premises as a trailer camp and were ordered to remove all the trailers from the property except the one which was there before they purchased the property.

The zoning commission, by delaying civil process until the institution of the present action, could not be deemed to have avoided, by waiver, the duty which it owed to the public to compel compliance with the zoning regulations; *Treat* v. *Town Plan & Zoning Commission,* 145 Conn. 406, 408, 143 A.2d 448; and it is not estopped by laches from enforcing its zoning laws. *Yonkers* v. *Rentways, Inc.,* 304 N.Y. 499, 505, 109 N.E.2d 597; *Magruder* v. *City of Redwood,* 203 Cal. 665, 675, 265 P. 806; *Flinn* v. *Treadwell,* 120 Colo. 117, 124, 207 P.2d 967; *Leigh* v. *Wichita,* 148 Kan. 607, 613, 83 P.2d 644; 58 Am. Jur. 1045, § 192.

There is no error.

In this opinion the other judges concurred.