TOWN OF WEST HARTFORD ET AL. *v.*
RITA ANN GELINAS
(6631)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Argued April 11—decision released June 27, 1989

---

*Edward H. Freeman,* for the appellant (defendant).

*Elizabeth Dee Bailey,* assistant corporation counsel, for the appellees (plaintiffs).

O'CONNELL, J. The defendant appeals from an order enjoining her from using a garage on her property as a dwelling. The plaintiffs are the town of West Hartford, its building inspector and its zoning compliance officer. The latter two plaintiffs are officials charged with enforcement of the town's zoning ordinances.

The defendant claims that the trial court erred (1) in concluding that the plaintiffs could not be estopped from enforcing the town zoning ordinances against the defendant, and (2) in allowing the plaintiffs to enforce the zoning regulations despite its inability to produce the original certificate of occupancy for the property in question. We find no error.

The following facts are dispositive of this appeal. The defendant has owned a parcel of land on Park Road in West Hartford since 1965. There are two buildings on the property, a three-family dwelling and a smaller structure which is the subject of this action. A building permit shows that the smaller building was erected as a garage in 1925. Sometime between 1925 and 1961, a prior owner altered the building so that it could be used as a small one-family residence. No building permit was issued for the alterations that included installation of residential electric service, heat, toilet and bath facilities, nor was a certificate of occupancy ever issued.

In August, 1966, the plaintiff building inspector notified the defendant in writing that the conversion of the garage to a dwelling without a building permit and subsequent certificate of occupancy violated the town's zoning ordinance and ordered it vacated. In compliance with this notice the building was vacated, but shortly thereafter the defendant resumed renting it. The town did not pursue the continued violation at that time.

In November, 1986, the town's housing department received a complaint from the building's tenant. In response to this complaint the plaintiff zoning compliance officer again verified that the conversion to a dwelling was unlawful and again a cease and desist order was issued. The defendant failed to obey the order and the plaintiffs brought this action seeking to enjoin the defendant from maintaining the building as a dwelling unit in violation of the town's zoning ordinances. The plaintiffs prevailed and the defendant appealed to the court from the resulting injunction.[1]

At all times material to this case, the West Hartford zoning ordinances have prohibited the use of a garage for any purpose other than vehicle storage, have required a building permit to convert a garage to a dwelling and have required a certificate of occupancy prior to use of a structure as a residence.

The defendant argues that the plaintiffs' long delay in acting on this matter has estopped them from enforcing the applicable zoning regulations.

The general rule is that estoppel may not be invoked when a government is functioning in its governmental

[1] The defendant did not appeal from a judgment for the plaintiffs on her counterclaim in which she sought (1) an order restraining the plaintiffs from continuing to harass her, (2) a decree declaring the property at issue a legal nonconforming use, (3) monetary damages as compensation for her injuries and losses, due to the plaintiff's harassment, and (4) punitive and exemplary damages.

capacity. *Kimberly-Clark Corporation* v. *Dubno,* 204 Conn. 137, 146, 527 A.2d 679 (1987); *Zoning Commission* v. *Lescynski,* 188 Conn. 724, 731, 453 A.2d 1144 (1982). That rule, however, is not without its limitations. A municipality may be equitably estopped from enforcing its zoning laws (1) when a violation has been *unjustifiably induced* by its agents who have authority in such matters, (2) when special circumstances make it highly inequitable or oppressive to enforce them, and (3) when great caution has been exercised. *Carofano* v. *Bridgeport,* 196 Conn. 623, 646, 495 A.2d 1011 (1985); *Zoning Commission* v. *Lescynski,* supra, 732.

In order to prevail in her estoppel defense, the defendant must show that the town, acting through an agent who possessed authority in the matter, induced her to commit the violation. *Zoning Commission* v. *Lescynski,* supra, 731–32. The record shows no evidence that any agent of the town, *whose duty it was to enforce the zoning regulations,* induced the defendant to convert the building from a garage to a dwelling. The only inspection performed by the local zoning officials was conducted during the course of the trial and, therefore, was obviously not an inducement to converting it to a residence or continuing its occupancy as such.

The defendant confuses knowledge of the violation by town officials with inducement by town officials to create the violation. The trial court found that town officials responsible for enforcing the zoning ordinance had known of the violation for a long time. The 1966 notification from the plaintiff building inspector documents that finding. Furthermore, the plaintiff building inspector had been aware of the use of the building as a residence since he was a child, and over the years has observed its continued use as a dwelling. Those facts, however, support only a conclusion that the town

officers were inattentive and careless in the enforcement of the zoning ordinances. What may be described as the personal approval of town officials "cannot be deemed to have been officially authorized by the municipality." Id., 733.

If the plaintiffs were not a municipality and its officers, their laxity in enforcement of a known violation might give rise to a defense of laches. Laches, however, may not be invoked against a local zoning authority. *West Hartford* v. *Rechel,* 190 Conn. 114, 120, 459 A.2d 1015 (1983); *Bianco* v. *Darien,* 157 Conn. 548, 556, 254 A.2d 898 (1969); see 3 C. Rathkopf, Law of Zoning and Planning (4th Ed. 1982) § 45.05[2].

The defendant argues that fire, police and sanitation employees had inspected the premises from time to time over the twenty-seven years, but failed to refer to those inspections in the statement of facts or argument portion of her brief together with references to the transcript pages upon which she relies to support that contention. Accordingly, Practice Book § 4065 (c) and (d) bar the defendant from relying on her claim of estoppel based on those inspections.[2] *Commissioner* v. *Youth Challenge of Greater Hartford, Inc.,* 206 Conn. 316, 322, 537 A.2d 480 (1988); *Taylor* v. *American Thread Co.,* 200 Conn. 108, 112, 509 A.2d 512 (1986). Moreover, we will not exercise our discretion to search the transcript for this evidence because even if it existed it would be of no value to the defendant. She cites no authority for her proposition that municipal agents other than those authorized to enforce zoning regula-

---

[2] Practice Book § 4065 (c) provides in pertinent part: "An appellant may not rely on any fact unless it is set forth in the statement of facts required by this subsection or is incorporated into the brief in accordance with subsection (d) hereof."

Subsection (d) provides that the appellant's brief shall contain the argument "with appropriate references to the statement of facts or to the page or pages of the record or transcript."

tions can induce a party to violate a zoning regulation so as to form a basis for estoppel of the zoning authorities.

In view of the defendant's failure to satisfy the first prong required for municipal estoppel, we will not proceed with an analysis of the two remaining prongs.

In the defendant's second claim of error, she argues that the plaintiffs must be denied enforcement of the town's zoning ordinance because they are unable to produce the original certificate of occupancy for the property including a certificate of occupancy for the three-family dwelling. Even if we were to assume that this claim is relevant to the appeal, we decline to consider it because it was not raised at trial. See Practice Book §§ 4185[3] and 285A;[4] *Swerdloff* v. *AEG Design/Build, Inc.,* 209 Conn. 185, 188–90, 550 A.2d 306 (1988).

The record clearly shows a violation of the West Hartford zoning ordinance and there is no basis in law for estopping the plaintiffs from enforcing that ordinance. The decision of the trial court is amply supported by the record and is legally correct.

There is no error.

In this opinion the other judges concurred.

---

[3] Practice Book § 4185 provides that we are "not bound to consider a claim unless it was distinctly raised at trial or arose subsequent to the trial."

[4] Practice Book § 285A provides that "[i]f a party intends to raise any claim of law which may be the subject of an appeal, he must either state the same distinctly to the court before his argument is closed or state it in a written trial brief. If this is not done, it will not be the duty of either the trial court or the appellate court to decide the claim."