[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Town of West Hartford brings this proceeding, by way of a citation for contempt, to have this court find the defendant in contempt for allegedly violating an injunction and impose an appropriate penalty.
The injunction issued by the court, per Judge John Maloney, was "the defendant is permanently enjoined from using the building in question as a dwelling after the present tenant, if any, has vacated the premises, and in no event after December 15, 1987." The trial court's judgment was affirmed on appeal. West Hartford v. Gelina, 18 Conn. App. 688 (1989).
The building in question lies behind a three-family residence on Park Road in West Hartford. Pursuant to a building permit issued by the town, it was constructed as a garage in 1925. Some time between 1925 and 1961 an owner prior to the defendant, altered the garage so it could be used as a small residence, without obtaining a building permit, certificate of occupancy, or other authorization from the town. In 1966 the town building inspector notified the defendant that the conversion of the garage to a dwelling violated the town's zoning ordinance, but the matter was not further pursued. In 1986 the town zoning compliance officer ordered the defendant to cease and desist using the premises as a dwelling. This court, per Judge John Maloney, found that a tenant was living in the building at the time of the trial, found such a use violated town zoning ordinances when no building permit or certificate of occupancy had been obtained, and issued the injunction prohibiting the defendant from using the building as a dwelling after December 15, 1987.
The evidence adduced at this contempt proceeding was that after December 15, 1987 the defendant rented the premises to a tenant for storage of tools and later for conducting a fingernail business. The plaintiff stipulated in open court that the building since December 15, 1987 has not been used as a dwelling.
The plaintiff contends that this court should look to the complaint in the injunction action and to the judge's memorandum of decision to determine the purpose of the action and if it finds the defendant's conduct after the injunction violates that purpose, the defendant should be found in contempt.
This court did look to the complaint and determines its essence is the allegation that defendant violated CT Page 1822 zoning ordinances by altering the garage into a dwelling unit without a building permit and allowing it to be so used without a certificate of occupancy. Judge Maloney's memorandum of decision likewise rests the issuance of his injunction upon those violations
The plaintiff's contention that defendant violated the injunction when it leased the premises after December 15, 1987 for any other purpose than a garage is not supported by the complaint, the memorandum of decision, or the injunction itself. The purpose of the action was to prohibit the building's use as a dwelling and the injunction expressly so states
The Supreme Court has recognized that the contempt remedy is particularly harsh and must be founded on a clear and express direction. The reason for clarity is that the party against whom the injunction is issued "may readily know what he can or cannot do thereunder, seeing the consequence of a breach may subject him to loss of property and impairment." Baldwin v. Miles, 58 Conn. 496, 502 (1890). As stated in Blayden [Blaydes] v. Blayden [Blaydes], 187 Conn. 464, 467
(1982), "Recognizing those basic tenets, most courts, in deciding whether a contempt has occurred, have refused to expand judgments by implication beyond the meaning of their terms."
Here the plaintiff failed to prove the defendant used the premises in question as a dwelling after the issuance of the injunction. Consequently plaintiff's application to find the defendant in contempt is denied.
Robert Satter, J.