[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Leslie Carothers, the Commissioner of Environmental Protection, sues the defendants, Joseph and Judith Radwilowicz, in a one-count amended complaint seeking enforcement of an order issued by the plaintiff to the defendants on March 6, 1981. The complaint alleges that the defendants failed to obtain engineering approval on the adequacy of a dam they own in Granby, Connecticut. The plaintiff seeks injunctive relief and statutory penalties and costs. The defendants answered and asserted four special defenses: estoppel, laches, the statute of limitations and due process violations.
The plaintiff moves to strike the first and second special defenses as being legally insufficient and has filed a supporting memorandum of law. The defendant filed an opposing memorandum.
 II.
A party may contest in the motion to strike "the legal sufficiency of . . . any special defense." Conn. Practice Bk. 152(5) (1978, rev'd to 1990). The motion "admits all facts well pleaded; it does not admit legal conclusion or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, 196 Conn. 91, 108 (1985). CT Page 5352
A. Estoppel
 Under our well-established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury . . . . In addition, estoppel against a public agency is limited and may be invoked: (1) only with great caution; (2) only when the action in question has been induced by an agent having authority in such matters; and (3) only when special circumstances make it highly inequitable or oppressive not to estop the agency.
Kimberly-Clark Corp. v. Dubno, 204. 137, 148 (1987).
In their first amended special defense, the defendants allege that the plaintiff, through its agents and employees "intentionally deceived the defendants by constructively accepting and approving defendants' compliance with the March 6, 1981 Order. . . . The defendants reasonably complied and acted with due diligence in response to the plaintiff's 1981 Order, and the defendants not only were not notified of the true position of the plaintiffs with respect to the 1981 Order, but also lacked any reasonable means of acquiring that knowledge." They also allege that the plaintiff failed to "notify the defendants for a period of nine years" that they were not in compliance with the order.
The plaintiff argues that the defendants have not alleged facts sufficient to state a defense of estoppel as to a public agency.
It is found that the plaintiff is correct in that the defendants have not alleged facts that they changed their position in reliance upon facts communicated by an authorized agent, how they have been injured, and what special circumstances exist that would make it "highly inequitable or oppressive not to estop the agency." Kimberly-Clark,204 Conn. at 148. It is therefore held that the motion to strike the first special defense is granted.
B. Laches CT Page 5353
"A party may . . . be barred from seeking equitable relief by the defense of laches, which applies only if there has been an unreasonable, inexcusable and pre judicial delay in bringing suit." Dunham v. Dunham, 204 Conn. 303, 327 (1987)." [T]he delay in bringing suit must be `unduly' pre judicial." Cummings v. Tripp, 204 Conn. 67, 88 (1987).
The plaintiff argues that laches may not be asserted against the state. The Supreme Court has held that laches cannot estop a zoning commission from enforcing its own laws. Bianco v. Darien, 157 Conn. 548, 556 (1969); West Hartford v. Rechel, 190 Conn. 114, 120 (1983). In Dupuis v. Submarine Base Credit Union, Inc., 170 Conn. 344 (1976), the court said, "[t]his specific rule with respect to zoning authorities must be placed in context as one aspect of the larger rule . . . that `in general, estoppel may not be invoked against the government or a public agency functioning in its governmental capacity. 31 C.J.S., Estoppel, 138.'".
Relying on the zoning cases, several superior court decisions have held that the defense of laches may not be asserted against the state. Burns v. Lehigh, 4 CSCR 34
(November 21, 1988, Allen, J.); State of Connecticut v. Stephen World of Wheels, Inc., 3 CSCR 374 (March 23, 1988, O'Neill, J.), and State v. DeMilo Co., 2 CSCR 880 (June 5, 1987, Ripley, J.).
In State of Connecticut v. Stephen World of Wheels, Inc., supra, Judge O'Neill held, "Towns may not be prevented from enforcing their ordinances. Wallingford v. Roberts, 145 Conn. 682,685. Such a rule applies at least equally to the sovereign state which brings this action." This court endorses said holding.
The plaintiff relies in support of its argument on Bianco,17 Conn. at 548, and Wallingford v. Roberts, 145 Conn. 682
(1958), which both hold that zoning commissions cannot be estopped by laches from enforcing their laws. Additionally, the plaintiff relies on Town of Westport v. Kellems Co., 15 Conn. Sup. 485
(C.P. 1948), a zoning case in which the court said generally, "[l]aches does not bar the state or a municipality from enforcing governmental rights." Id., at 491. In support, the court cited Appeal of Phillips, 113 Conn. 40 (1931), which involved the extent to which the plaintiff should be compensated for a taking of property by the city of Hartford when the plaintiff's building illegally extended past the building line and into the new street line. The Phillips court said, CT Page 5354
 [i]f, after the land has been taken, the city permits a part of a building to stand beyond the street line, it is a matter of grace and, unless its rights are lost by abandonment or otherwise, it may at any time thereafter remove or require the removal of that portion of the building without obligation to make further compensation to the owner.
Appeal of Phillips, 113 Conn. at 44-45. Plaintiff's Memorandum in support of Motion to Strike also cites out-of-state cases for its position and the court finds these authorities to be persuasive.
The court concludes that based on the above cases, laches should not estop the Department of Environmental Protection from enforcing its laws because it is analogous to a zoning commission seeking to enforce its laws. Bianco, supra, at 556; West Hartford, supra at 120.
It is therefore held that the motion to strike the second special defense is also granted.
STENGEL, JUDGE