[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff/appellant George MacLauchlan, appeals, pursuant CT Page 5289 to General Statutes 8-8, the decision of the defendant/appellee Meriden Zoning Board of Appeals ("ZBA") denying plaintiff's application for a special exception to operate a gasoline station/convenience store.
On August 6, 1991, plaintiff filed an application with the ZBA, seeking a special exception to operate a gasoline station/convenience store on premises owned by the plaintiff and known as 497 Broad Street, Meriden. (Return of Record ("ROR"), Exhibit A, Application #3014). The location in question had been the site of a gasoline station in previous years. (Plaintiff's Brief, p. 1). The gasoline station had been closed for several years, until it was reopened by the plaintiff in 1990. (Plaintiff's Brief, p. 1).
On September 3, 1991, the ZBA held a public hearing at which the applicant/plaintiff testified in support of his application. (ROR, Exhibit D, Transcript of Public Hearing pp. 3-43). At the hearing, the plaintiff argued that work on modifying the existing gas station into a convenience store/gasoline station began, with the alleged knowledge of various city officials, in 1989. (ROR, Exhibit D, pp. 5-12).
At a special meeting on September 11, 1991, the ZBA voted to defer action on this matter until its next regularly scheduled meeting. (ROR, Exhibit E, September 12, 1991 Letter from ZBA)) On October 1, 1991, the ZBA voted unanimously to deny plaintiff's application for a special exception. (ROR, Exhibit J, October 4, 1991 Letter from the ZBA). The ZBA stated two reasons for its denial of plaintiff's application: (1) the location of the convenience store would not be in harmony with the appropriate an orderly development of the district in which it is proposed to be situated, per Section 1110.2.1 of the local zoning regulations and (2) the proposed use would create additional traffic an impair the pattern of highway circulation and safety per Section 1110.2.2 of the local zoning regulations. (ROR, Exhibit Minutes of October 1, 1991 meeting of the ZBA.)
Prior to the appeal sub judice, the plaintiff had appealed an earlier denial by the ZBA of the plaintiff's earlier special exception application for a gasoline station/convenience store a the same location. See MacLauchlan v. ZBA, Superior Court judicial district of New Haven, Docket No. 307204 (July 16, 1991) CT Page 5290 (ROR, p. 28, Record of Appeal No. 2949). The ZBA denied the earlier application for exactly the same stated reasons that it denied the present one: (1) the location of the convenience store would not be in harmony with the appropriate and orderly development of the zoning district, as per 1110.2.1 of the local zoning regulations, and (2) the proposed use would create a traffic/safety hazard, as per 1110.2.2 of the local zoning regulations. (ROR, p. 28, Record of Appeal No. 2949). The plaintiff's appeal for the ZBA's earlier decision was dismissed by the Superior Court, Goldstein, J., on July 16, 1991. The plaintiff, in the aforementioned appeal, claimed that the ZBA unfairly denied his application, since at the same time it approved a Merit convenience store/gasoline facility located near the plaintiff's target site.
The court held that the ZBA's denial was supported by the evidence in the record, and that the Merit application was not so similar to the plaintiff's that the ZBA acted arbitrarily in granting the Merit application but denying the plaintiff's. See MacLauchlan v. ZBA, supra.
The plaintiff contends in the present appeal that since work on modifying the existing gas station into a convenience store/gas station allegedly began in 1989, the application should have been governed by the 1989 regulations. (Plaintiff's Brief, pp. 1-2).
The plaintiff asserts that the ZBA's decision denying his special exception application is "wholly unsupported by the record." (Plaintiff's Brief, p. 5). The plaintiff further claims that he has supplied ample evidence that his use presents no significant traffic problem, in the form of a report from Highway Traffic consultants and records from the Meriden Police Department. (Plaintiff's Brief, p. 2).
The plaintiff avers that the ZBA's denial of his special exception application was predetermined, arbitrary and capricious, as well as an abuse of the ZBA's regulatory discretion, in that the plaintiff was denied a reasonable use of his property. (Plaintiff's Brief, p. 3).
The ZBA asserts that it acted properly and within its discretion when it denied the plaintiff's second application for a special exception. (Defendant's Brief, p. 11). The ZBA contends that, due to the doctrine of preclusion, it was constrained by its prior decision denying plaintiff's earlier application for a special exception to operate a gasoline station/convenience store at the same location. (Defendant's Brief, p. 11).
The ZBA also argues that the plaintiff's reliance on a "grandfather clause" and promissory estoppel is misplaced, since CT Page 5291 there is no such theoretical "grandfather clause" concept applicable to zoning, and a municipality cannot be estopped by the alleged unauthorized acts of its officers or agents. (Defendant's Brief, pp. 17, 19). Finally, the ZBA asserts that it acted properly and within its discretion by adhering to the zoning regulations when it denied plaintiff's application for a special exception.
The terms "special permit" and "special exception" have the same legal meaning and may be used interchangeably. A.P. W. v. Holding Corporation, 167 Conn. 182, 185, 355 A.2d 91 (1974). A special exception allows a property owner to use his property in a manner expressly permitted by the local zoning regulations. Housatonic Terminal Corporation v. PZB, 168 Conn. 304, 307,362 A.2d 1375 (1975). The proposed use must satisfy the standards set forth in the regulations and any conditions necessary to protect the public health, safety, convenience and property values. Id; see General statutes 8-2.
When ruling on a special exception, a zoning authority acts in an administrative capacity, and its function is simply to determine whether the proposed use is expressly permitted and whether the standards set forth in the regulations and General Statutes 8-2 are satisfied. Double I Limited Partnership v. PZC,218 Conn. 65, 72, 588 A.2d 624 (1991). "In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." Id., 72.
A trial court is not at liberty to substitute its judgment for that of an administrative tribunal. Frito-Lay, Inc. v. PZC,206 Conn. 554, 572-73, 538 A.2d 1039 (1988). The court is only to determine whether the agency has acted illegally, arbitrarily, or in abuse of its discretion. Id., 573. The court's function is limited to determining whether the record reasonably supports the conclusions reached by the agency. Burnham v. PZC, 189 Conn. 261,265, 455 A.2d 339 (1983).
The local authority's action must be sustained if even only one of the stated reasons is sufficient to support it. (Emphasis added). Daughters of St. Paul, Inc. v. ZBA, 17 Conn. App. 53,56-57, 549 A.2d 1076 (1988). The burden of proof is on the appellant to show that the zoning authority acted improperly. Pleasant View Farms Development, Inc. v. ZBA, 218 Conn. 265, 269-70,588 A.2d 1372 (1991).
As owner of the subject property the plaintiff is aggrieved and may bring this appeal. Bossert Corp. v. Norwalk, 157 Conn. 279,285 (1968). CT Page 5292
Commission members of a zoning authority may rely on their personal knowledge in arriving at a decision. Frito-Lay, Inc. v. PZC, 206 Conn. 554, 570, 538 A.2d 1039 (1988). The law does not require that members of a zoning authority have no opinion concerning the proper development of their communities. Cioffoletti v. PZC, 209 Conn. 544, 555, 552 A.2d 796 (1989). An authority composed of lay persons may utilize professional and technical assistance in performing its duties. Spero v. ZBA,217 Conn. 435, 444, 586 A.2d 590 (1991).
It is the established law in Connecticut that a zoning board of appeals is prohibited from reversing its previous decision "absent a material change in conditions"; to so reverse its previous decision, the board would be acting "illegally, arbitrarily and in abuse of the discretion vested in it." Root v. ZBA, 41 Conn. Sup. 218, 223, 565 A.2d 14 (1989). "A zoning board of appeals is generally precluded from reversing a prior decision unless there has been a material change of conditions, or other considerations have intervened affecting the merits, and no vested rights have arisen." Wright v. ZBA, 174 Conn. 488, 492,391 A.2d 146 (1978); see also Grillo v. ZBA, 206 Conn. 362, 367,537 A.2d 1030 (1988).
The ZBA argues that, pursuant to the "preclusion doctrine," it is constrained to again deny the plaintiff's second application, since the record is entirely silent as to any material change. In actual fact, the only thing the plaintiff has added to the second application is another similar traffic consultant's report and some police records. "[It] is for the ZBA, not the court, to determine whether [a] petition [constitutes] a new application or [is] substantially the same as the earlier application." (Emphasis added.) Fernandez v. ZBA,24 Conn. App. 49, 54, 585 A.2d 703 (1991).
The application sub judice is essentially the same one that the ZBA had previously denied. The record reflects that the ZBA found no material change between the plaintiff's first application and second application. As stated by Mr. Donald Cerreta, the Chairman of the ZBA: "I read the application and I see nothing that has had a significant change in the application. . . ." (ROR, Exhibit D, Transcript of Hearing before the ZBA, p. 5, Comments of Chairman of the ZBA).
It should be noted that at the April 20, 1992 hearing before this Court, plaintiff's counsel stated that the preclusion doctrine does not apply to situations where more than one year has elapsed since the prior hearing, since the passing of more than one year moots the necessity for showing a material change in circumstances. However, no law which would support the CT Page 5293 plaintiff's contention can be found. The plaintiff submitted none.
The defendant ZBA's assertion that it was precluded from granting the plaintiff's second application because of its earlier decisions denying substantially the same application is supported by the evidence in the record. Therefore the ZBA did not act illegally, arbitrarily or in abuse of its discretion in denying the second application for the same reasons it had denied the first application. The applications were mirror images of each other. In fact, the plaintiff considered the second application as a rehearing of the first (ROR Exhibit D, p. 17).
Before this court the plaintiff made reference to the Meriden Planning Commission's approval of an East Main Street property owner's request that such property be used as a "gas station with the accessory use of selling impulse items." (ROR, Exhibit 6, Certificate of Approval Application). Although the plaintiff insists that such an approval stands in sharp contrast to the ZBA's denial of his application, note the Planning Commission's explicit directive to the applicant in the "Scott Oil" approval:
The Commission also reminds you that the building is designed and approved to be an accessory use on the site and must not be expanded into selling convenience grocery items, i.e. unprepared food, eggs and other dairy products, cold meat, cereal, etc. for the home.
(Emphasis added). (ROR, Exhibit 6, supra). The Meriden Planning Commission's approval of the Scott Oil application is thus readily distinguishable on its facts from the application which is the subject of the appeal sub judice, in that "convenience grocery items" are what the instant plaintiff in its application sought to sell and explicitly what the Commission forbade the successful Scott Oil applicant from selling.
The plaintiff also claims that the City of Meriden is estopped from enforcing its zoning regulations against him due to statements allegedly made to him by City employees. A thorough review of the record reveals no evidence of such approvals by City employees.
Generally, equitable estoppel may not be invoked against a municipality in connection with the enforcement of its zoning laws. West Hartford v. Gelinas, 18 Conn. App. 688, 691,559 A.2d 1176 (1989). However, an exception to this rule exists "(1) when a violation has been unjustifiably induced by its agents who have authority in such matters, (2) when special circumstances make it highly inequitable or oppressive to enforce them, and (3) when great caution has been exercised." Id., 691. In this case the CT Page 5294 City of Meriden is not equitably estopped from enforcing its zoning regulations against plaintiff since the record reveals no evidence to support the fundamental requirement that his actions were induced by the authorized acts of Meriden officials or agents. See West Hartford v. Gelinas, supra. Nor can this court find anything else in this record sufficient to overcome the "great caution" it must exercise before invoking estoppel against a municipality. Zoning Commission v. Lescynski, 188 Conn. 724
(1982).
The plaintiff further argues that work on modifying the gas station into a gas station/convenience store began in 1989, prior to the 1990 amendments to the City Code. He thus claims that his application should have been governed by the Code in existence in 1989. The plaintiff also claims that other gas stations had been "grandfathered" past the requirement of a special exception.
As to the plaintiff's claim that his application was adjudicated under the wrong code, the date on which the application was filed is determinative of this issue.
 Sec. 8-2h. Zoning applications filed prior to change in zoning regulations not required to comply with change. Applications for building permit or certificate of occupancy filed prior to adoption of zoning regulations not required to comply with regulations. (a) An application filed with a zoning commission, planning and zoning commission, zoning board of appeals or agency exercising zoning authority of a town, city of borough which is in conformance with the applicable zoning regulations as of the time of filing shall not be required to comply with, nor shall it be disapproved for the reason that it does not comply with, any change in the zoning regulations or the boundaries of zoning districts of such town, city or borough taking effect after the filing of such application.
General Statutes 8-2h(a) (Emphasis added.)
Since plaintiff filed his initial application for a special exception on August 10, 1990, the ZBA properly adjudicated plaintiff's application under the amended zoning regulations which took effect on March 5, 1990.
The plaintiff contends that other gas stations have been allowed to operate be convenience stores "because they were operational prior to the amendments of the applicable zoning CT Page 5295 regulations on March 5, 1990." (Plaintiff's Brief, p. 4). Plaintiff alleges that he "began work on the project in question as early as November, 1989." (Plaintiff's Brief, p. 3). Plaintiff's "grandfather clause" argument is in essence a claim that his proposed use should be allowed as a previously existing nonconforming use. The law is strict, however, in the requirement that in order for a restricted use to be allowed to continue as a previously existing nonconforming use, that use must be "in existence at the time the zoning regulations(s) making that use of nonconforming" were enacted. Cummings v. Tripp, 204 Conn. 67,91-92, 527 A.2d 1230 (1987). (Emphasis added.) "For there to be an existing use, premises must be so utilized as to be known in the neighborhood as employed for a given purpose." Wallingford v. Roberts, 145 Conn. 682, 684, 146 A.2d 588 (1958). (Emphasis added.) "For a use to be `known in the neighborhood,' not only must the premises have been adapted for a given purpose, but the premises must also have been employed within that purpose. Helicopter Associates, Inc. v. Stamford, 201 Conn. 700, 714,519 A.2d 49 (1986). (Emphasis added.)" In the instant matter, plaintiff does not allege that he "used", "utilized", or "employed" the property for the purpose of a gasoline station/convenience store, but merely that he "began work on the project of converting the premises to a gasoline station/convenience store in November of 1989. Since plaintiff's proposed use was not "in existence" before the enactment of the 1990 Code, such proposed use does not enjoy the legal classification of a previously existing "nonconforming use." See Cummings v. Tripp, supra, Wallingford v. Roberts, supra, and Helicopter Associates v. Stamford, supra.
As previously noted, the ZBA denied plaintiff's application on the basis of (1) traffic concerns, and (2) a finding that plaintiff's proposed use would not be in harmony with the appropriate and orderly development of the surrounding area. (ROR, Exhibit J, October 4, 1991 Letter of ZBA). The plaintiff contends that the ZBA's conclusions concerning traffic and harmony are unsupported by the record. (Plaintiff's Brief, p. 5).
In making its decision, the ZBA was bound by the following provisions of the Meriden City Code:
213-56. [1110] Special exceptions.
B. [1110.2] Special exception objectives. In evaluating a special exception application, the Zoning Board of Appeals shall take into consideration the health, safety and welfare of the public, in general, and the immediate neighborhood, in particular, and may prescribe reasonable conditions and safeguards to ensure the accomplishment of the following objectives. . . CT Page 5296
213-59. [1220] Rendering of decisions.
A. [1220.1] In granting any variance or special exception, the Board may prescribe any conditions applying thereto that it may deem necessary or desirable.
B. [1220.2] Decisions of the Board shall be made in accordance with the purpose and spirit of these regulations. In addition to this general rule, no special exception will be granted unless the following requirements are satisfied:
(1) [1)] The new use will not create a traffic or fire hazard.
(2) [2)] The new use will not block or hamper the town pattern of highway circulation.
[3)] The new use will not tend to depreciate the value of property in the neighborhood or be otherwise detrimental or aggravating to the neighborhood or its residents or alter the neighborhood's essential characteristics.
"In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." Double I Limited Partnership v. PZC, supra.
The ZBA relied upon concerns of members of the Planning Staff for the City of Meriden regarding "the increased traffic and turning movements a convenience store operation would add to [the] site at a very busy and confusing intersection." (ROR, Exhibit D, Transcript of Hearing before the ZBA, p. 4, Recital of "Planning Staff Comments"). The ZBA also relied upon the evidence from the first application, including conclusions of the Planning Staff of the City of Meriden and comments of Henry Gaj, the owner of a gas station located across the street from the subject premises, regarding their various traffic concerns. (ROR, p. 28, Record of Appeal No. 2949, pp. 3-4, 15-20).
The ZBA's decision was amply supported by the evidence in the record, and therefore not arbitrary, capricious, or an abuse of its discretion. What evidence the ZBA chose to accept or reject was entirely within its own discretion.
There being sufficient evidence to support at least one of the ZBA's stated reasons for denial this court need go no further.
The predetermination claim the plaintiff urged upon the court at oral argument has no colorable support in the record. The ZBA CT Page 5297 having stated the reasons for its decision this court should not search out and speculate upon other reasons which might have influenced its final collective decision. DeMaria v. Planning 
Zoning Commission, 159 Conn. 534 (1970).
For all of the foregoing reasons, the plaintiff's appeal is dismissed.
Judgment shall enter accordingly.
JOSEPH A. LICARI, JR., JUDGE