[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal brought pursuant to Section 8-8 of the General Statutes of Connecticut. The gravamen of the appeal is whether the Town of Enfield Zoning Board of Appeals acted illegally in denying the plaintiff's application to overturn a cease and desist order issued by the Town Zoning Enforcement Officer.
PROCEDURAL HISTORY:
On October 7, 1991, the Town of Enfield Zoning Enforcement Officer ordered G S Realty, Inc. of 44 Enfield Street, Enfield, Ct. to cease and desist the use of video viewing booths located in an adult book store on the ground that the video booths had been constructed and were being operated without a permit from the Planning and Zoning Commission as required by the zoning ordinances. (R-3)
G. S. Realty, Inc. appealed that order to the Town of Enfield Zoning Board of Appeals (ZBA) on October 15, 1991 citing as grounds for its appeal that: (1) the town is estopped from enforcing zoning ordinances as to the video booths, and (2) the use of pre-view booths is incidental to that of permitted retail operation. (R-1)
Public hearings regarding the appeal were properly scheduled by the ZBA but were postponed on several occasions to allow G S Realty make application to the Planning and Zoning Commission for a Special Use Permit relative to the operation of the coin operated video view booths. A public hearing concerning the appeal of the cease and desist order was held on March 30, 1992. The ZBA denied the appeal on April 27, 1992 and published said decision on May 7, 1992. The instant administrative appeal was filed with the court on May 20, 1992.
The court held a hearing on this appeal on February 11, 1993. At that time the parties entered into a written stipulation of facts relating to the issue of aggrievement. Both parties agreed on the record that the only issues before the court were those involving the legal theories of estoppel and laches. No other evidence was presented and both parties waived oral argument.
AGGRIEVEMENT CT Page 3657
The court finds, based upon the record and the stipulation of facts submitted by the parties, that G S Realty, Inc. is aggrieved by the action of the Enfield ZBA, for the purpose of this appeal.
FACTS:
The court has reviewed the record and finds that the ZBA could reasonably have found the following facts to have been established.
The premises in question is located at 44 Enfield Street, Enfield, Connecticut. In 1977 an application for a building permit to renovate 44 Enfield Street was filed with the Town of Enfield. The proposed use of the renovated building was stated to be an upholstery and interior decorating shop in the front of the building and a workroom in the rear. The application as approved. Also in 1977, applications for a plumbing permit and two electrical permits were sought to change lighting and install a 100 amp service. Each of the permits was approved.
In 1979 a building permit was sought to install sign "Bookends" on the building at 44 Enfield Street. The application was approved.
On December 13, 1982, the property in question was conveyed to G S Realty, Inc. by Marty's World of Enfield, Inc.
In 1984 an application for a building permit was submitted for the purpose of installing vinal siding. The application was approved.
In 1985 mechanical permits to increase electrical service to 200 amps and relocate the service outside the building, as well as to install a new heating system were submitted to and approved by the Town of Enfield.
In October, 1985 an application for an electrical permit to "wire gas furnace with air conditioning, 5 hall recess fixtures, 24 booths or mini theaters with VCR and 8mm projectors, lighting in isles behind booths, emergency lights" was submitted to and approved by the Town of Enfield Building Official. However, no building permit was ever issued or requested for the construction of the actual viewing booths.
In 1991 an application for a building permit to repair a sign was submitted to and approved by the Town, and in 1992 a permit to wire signs and connect them to a time clock was requested and approved.
There is not a single mention of or reference to coin operated video machines or a pay for view operation in any of the applications or CT Page 3658 documents submitted to the town officials by G S Realty, Inc. or the previous owner of the premises. The single reference to the video booths does not reflect the fact that these booths would be used for coin operated machines or that customers would be required to pay for viewing movies or videos. No special use permit has been issued relative to the operation of the coin operated movie and/or video machines nor was any building permit ever issued for the construction of the booths in which the machines are located even though the plaintiff has been operating a number of coin operated movie or video machines in its store for a number of years. The record indicates that the plaintiff charges its customers for watching a video at the rate of twenty-five cents per minute or seven dollars for an entire movie. (T-17)
The relationship of the cain operated video booths to the sale of books and videos is tenuous. of the approximately 5300 videos for sale in the store customers are permitted to view only 36 at any given time. Those 36 videos are chosen by the management, not the customers. Thus, if a customer wanted to purchase one of the remaining videos he or she would not have an opportunity to preview its contents prior to the sale. (T-14)
The ZBA could reasonably have concluded from this evidence that the viewing booths and machines are not used primarily for the purpose of previewing the 5300 video tapes for sale, that their use constitutes an entertainment or amusement function, and that their use is not merely incidental to the permitted retail use of the premises.
LACHES:
The plaintiff did not cite the legal theory of Laches in its appeal to the court. However, even if it had done so it could not prevail on that theory as it is clear that laches may not be invoked against a local zoning authority. West Hartford v. Rechel. 190 Conn. 114, 120 (1983); West Hartford v. Gelinas, 18 Conn. App. 688, 692 (1989).
ESTOPPEL:
As a general rule, estoppel may not be invoked when a government is functioning in its governmental capacity. Zoning Commission v. Lesczynski,188 Conn. 724, 731 (1982); West Hartford, v. Gelinas, 18 Conn. App. 688,690-691 (1989). However, an exception to this general rule has been recognized "where the party claiming estoppel would be subjected to a substantial loss if the public agency were permitted to negate the acts of its agents." Zoning Commission v. Lescynski, supra at 731. "Estoppel against a public agency is limited and may be invoked; (1) only with great caution; (2) only when the action in question has been induced by an agent CT Page 3659 having authority in such matters; and (3) only when special circumstances make it highly inequitable or oppressive not to estop the agency." (Citations omitted). Kimberly-Clark Corp. v. Dubno, 204 Conn. 137, 148
(1987); Iannucci Zoning Board of Appeals, 25 Conn. App. 85, 88 (1991).
It is black letter law that any claim of estoppel requires proof that the party against whom estoppel is claimed has done or said something calculated or intended to induce another to believe that certain facts exist and to act upon that belief. In addition, the other party must change its position in reliance upon those facts, to its detriment. "It is the burden of the person claiming the estoppel to show that he exercised due diligence to ascertain the truth and the he not only lacked knowledge of the true state of things but had no convenient means of acquiring that knowledge." Kimberly-Clark Corp v. Dubno supra at 148. The plaintiff has not demonstrated that it exercised such due diligence or that it had no convenient means of acquiring such knowledge relating to the zoning regulations.
The Enfield Zoning Regulations clearly indicate that amusement establishments are "Permitted Uses" requiring approval of the Planning and Zoning Commission. "The Zoning Enforcement Officer may issue a permit for not more than two (2) amusement machines within a premises which is located within a Business Local District without a Special Use Permit having been approved by the Planning and Zoning Commission." (Exhibit A).
That knowledge has always been available to the plaintiff. Apparently neither the plaintiff nor its predecessor in title inquired into the applicable zoning regulations either when the video machines were first introduced into the "upholstery store" or later when the bookstore was established.
The evidence contained in the record is insufficient to be able to conclude that any official connected with the Town of Enfield did or said anything calculated or intended to induce G. S. Realty, Inc. into believing that the coin operated machines did not constitute an amusement or entertainment use or that the construction of the video booths would be permitted without a permit. Indeed, plaintiff's counsel stated to the ZBA that, "[T]he Planning and Zoning Commission did not in any outward manner manifest that they approved of the use." (T-11) The plaintiff claims, however, that the town should be estopped from enforcing its zoning regulations because it knew of the use and did nothing to stop it either by taking direct action, or by refusing to approve the applications for mechanical and building permits submitted over the years. The plaintiff confuses knowledge of the violation by town officials with inducement by town officials to create the violation. See: West Hartford v. Gelinas, supra CT Page 3660 at 691.
The court finds, as the ZBA could have reasonable found, that the action in question was not induced by an agent having authority in such matters. Furthermore, the ZBA could have reasonably concluded that record contains insufficient evidence to find any special circumstances which would make continued operation of the business, which is to sell books and videos, highly inequitable or oppressive if the agency is not estopped from enforcing its regulations concerning the video viewing booths.
The plaintiff has not met its burden of proving that the Enfield Zoning Board of Appeals acted illegally in denying its application to overturn the cease and desist order. Accordingly, the appeal is dismissed.
Terence A. Sullivan, Judge