[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, (A F Construction) is the owner of vacant land ("property") known as 175 Grove Place, West Haven, Connecticut.
On July 14, 1997 A F Construction applied for variances to build a single family dwelling on the property. On September 17, 1997 the defendant (Board) after a public hearing, denied A F Construction the requested variances. A F Construction by complaint dated October 3, 1997 appeals the decision alleging that the Board acted illegally, arbitrarily and in abuse of discretion in that:
a. There was a hardship which the plaintiff demonstrated;
b. the property was a pre-existing, nonconforming lot which predated the enactment of zoning regulations in the City of West CT Page 12362 Haven;
c. The board has historically granted variances in the general area of the property;
d. The board improperly considered the fact that the applicant knew or should have known that the property required a variance before acquiring the property;
e. The board improperly considered the applicants alleged ownership of other parcels in the area denying the application;
f. The boards denial of the application resulted in a confiscation and/or taking without compensation in violation of due process.
The Second Count of the complaint alleged that the denial of this variance deprives the plaintiff of reasonable use of the property and that such denial is confiscatory and/or falsely without compensation in violation of the United States Constitution and Connecticut Constitution. The defense points out that this is an administrative appeal pursuant to Conn. General Statutes § 8-8 and a claim for money damages is not properly brought in this action. See Cummings v. Tripp, 204 Conn. 67,Costanzo v. Hamden, 18 Conn. App. 254. The applicant withdrew its claim for money damages as to the Second count but asserts it remains for the issue of confiscation.
Frank Frumento testified that he is president of A F Construction who owns the property. The denial of the variances effect the property. Accordingly the court finds aggrievement and the plaintiff has standing.
The public hearing was duly noticed (ROR P) seeking a variance of Sec. 2-3.2 of the zoning regulations to allow an 8 foot right side yard and a 5 foot left side yard and a 40 foot frontage on an undersized lot, located in the West shore Taxation District.
The zoning regulations require a ten foot side yard and a fifty (50) foot frontage.
A F Construction asked for the variance to construct a single family house measuring twenty five (25) feet in width by forty-two (42) feet in dept. CT Page 12363
A F Construction at the hearing presented an assessors map showing that the property is a separate lot for which taxes are paid and asserts the lot is a pre-existing non-confirming lot which are allowed to exist and is protected under Connecticut General Statute § 8-2.
Under R-2 of section 2-3.2 of the Zoning Regulations which were adopted in 1995, a minimum lot size of 8000 square feet, is required. In addition to the side yard variances, A F Construction requested a frontage of 40 feet. Frank Frumento, president of A F Construction testified that the lot in question was bought 1 1/2 years ago from an estate and that he knew when he purchased the lots from the estate he would need a variance. When the lots were purchased most of the lots were 40 foot lots. A F Construction paid taxes on it as a building lot.
The lots remained vacant because the prior owners had retired from the building business. ROR K shows all the lots of 40 feet; under 52 feet and undeveloped.
A F Construction also owns lots 241, 240, 238 and 239 which were merged and constitute one large lot (ROR I pg 14). Frumento and/or AF had merged other lots in the area to make building lots to meet the requirements of the Zoning Regulations adopted in 1995.
Counsel for the applicant argued before the board, that if the regulations caused a hardship, that the hardship runs with the land and it does not make a difference that it was knowingly undersized when it was bought.
Counsel for applicant asserted at the hearing (ROR I pg 49) that the applicant has an absolute constitutional right to come here and claim that it's a hardship.
Once a zoning board has acted and stated for the record the reasons for its action, a reviewing court may determine only whether the reasons for its actions are supported by the record and all pertinent to their decision. Iannucci v. Zoning Board ofAppeals, 25 Conn. App. 85, 89. "If it fails to give the reasons as they have in this case the trial court must search the record to determine whether a basis exists for the action taken."Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729 affirmed211 Conn. 76 557 A.2d 1024 (1989) CT Page 12364
The defendant in this case argues that the plaintiff purchased the property in early 1996. The zoning regulations changed in 1995. The plaintiff admitted in the hearing that he knew he needed a variance to build on the property. The defendant argues that the applicant sought to build a house of 4000 square feet where 8000 feet is required by the regulations and for a 40 foot frontage where 50 feet is required.
The applicant makes two arguments: First the lot is a pre existing non conforming lot protected by Conn. General Statutes § 8-2. The defendant agrees that § 8-2 will protect that use from the subsequent enactment of zoning laws, but in order to be protected, however, the land must be irrevocably committed to development of undersized lots. "To be a nonconforming use the use must be actual. It is not enough that it be a contemplated use nor that the property was bought for a particular use. The property must be so utilized as to be irrevocably committed.Fairlawns Cemetery Assn. Inc. v. Zoning Commission,138 Conn. 434, 443-445, 86 A.2d 74; Wallingford v. Roberts, 145 Conn. 682,684, 146 A.2d 588." Lebanon v. Woods, [153 Conn. 182, 197,215 A.2d 112 (1965)]. Since the plaintiff's land was not "irrevocably Committed" to development in lots of a size smaller than that permitted by the 1963 regulations, there was no nonconforming [sic] use as to lots of that size when the subdivision regulations were adopted, and the [trial] court properly concluded. (Emphasis added) Id., 183-184.
In the case before the court the property is vacant land and the purpose of § 8-2 is to protect actual uses and not contemplated uses. Since the applicants land was not "irrevocably committed" to development in lots of a size smaller than that permitted, there is no non confirming use as to the lots of that size when the zoning laws were adopted. The plaintiff in this case did merge other lots to come within the zoning regulations of § 2-3.2 but now offers testimony that the other 50% owner of the corporation does not want to merge the lot with the adjoining lot owned by Frank Frumento.
Chairman Clifford of the Board (ROR pg 51 stated "If he is building something not consistent with the rest of the properties then we should look at it in that respect. These are two individual parcels and that's the way we should look at it. The fact that A F Construction bought this with some other parcels CT Page 12365 and parties combined them without coming before us is another fact that has to be looked at. So they combine and all of a sudden they don't combine. "Any comments" The vote was then taken denying the variance application. In Archimbault v. Wadlow,25 Conn. App. 375 the regulations provided non-conforming vacant land protection by specifically protecting said lots. In this case however no such protection was made in the regulations of 1995 and Section 10.4.4 provides only that a vacant lot existing prior to zoning had to come before the Zoning Board for either a special exception or a variance.
The plaintiff in this case has not shown that the lot in question was irrevocably committed to a particular use. The court accordingly agrees with the argument of the defendant that the plaintiff cannot claim protection under the theory of a previous non conforming use.
The second ground of the applicant is that the action of the board amounts to a confiscation of his property and that meets the hardship requirement for a variance.
It is not a proper function of a zoning board of appeals to vary the application of zoning regulations merely because the regulations hinder landowners and entrepreneurs from putting their property to a more-profitable use. Krepcio v. Zoning Boardof Appeals, 152 conn. 657, 662. The plaintiff in this case presented no evidence before the board that the property owing to the conditions especially affecting such parcel but not generally the district in which it was situated, that a literal enforcement of such zoning regulations would result in exceptional difficulty or unusual hardship. The only exceptional difficultly or unusual hardship shown was economic in character. It is settled that the power to grant a variance should be sparingly exercised.Piccirilli v. Zoning Board of Appeals, 139 Conn. 116, 120.Allen v. Zoning Board of Appeals, 155 Conn. 506, 510. The defendant argues (T23-24) in opposition to the plaintiff's theory of a confiscatory taking that (1) The variance request does not substantially affect the comprehensive plan of the town and (2) in order to strike the letter of the regulations you must have a unique hardship. The 1995 zoning regulations certainly affect this and many other parcels. (See ROR K undeveloped parcels)
The plan of development allowed low density residential area (ROR) which is a guide line for adopting zoning regulations. The zoning regulations were adopted to preserve property per neighbor CT Page 12366 and required 10 feet between houses, and for a sixty foot frontage. The proposed house for Lot #243 (ROR M) would be two feet from one neighbor and five feet from another with only forty feet of frontage and 4000 feet where 8000 was required.
Such a proposed house would not comply with the comprehensive plan of development. There also has been no showing of a unique hardship since other properties are likewise affected. The testimony of Frumento was that he would have little economic value if the variance was not granted. The defendant in this case asks the court to apply the strikingly similar fact pattern ofGrillo v. Zoning Board of Appeals of the City of West Haven etal, 206 Conn. 362 (1988) to this case.
The plaintiff here as did Grillo argues that the lot in question would be greatly decreased in value if the variance was not granted. The only evidence before the Board was that of Frumento who argued that they are separate entities and that for some unexplained reason the other 50% owner does not want to merge the property with that one adjoining which is individually owned by Frumento. In the case before this court notwithstanding the argument of separate entities that the property is unmarketable, Frumento has the right to sell his own parcel and force a sale of the A F Construction parcel.
From a review of the record the board was suspicious of the motives to treat the lots separately and could infer that Frumento was seeking to build two houses on two non conforming lots in which he had an interest.
It is clear in this case as in Grillo in which the applicant also had an interest, that although you cannot require a merger, that value exists in both subject parcel and an adjoining parcel which would be enhanced by sale of the subject property to the adjoining owner or vice versa.
A review of the record does not establish the fact that this property had the necessary unique hardship sufficient to grant a variance. The hardship must be unique to the applicants land, that is a variance may not be granted unless the applicant can show that the ordinance works a distinct hardship on his particular property. Not merely a general hardship on the neighborhood at large. Ward v. Zoning Board of Appeals,153 Conn. 141. CT Page 12367
Appeal is denied.
Frank S. Meadow Judge Trial Referee